781 So.2d 449 (2001)
James Eugene BUCHANAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3444.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
James Buchanan appeals his sentences arguing that the trial court erred in correcting *450 his sentence under rule 3.800(b)(2)(B) of the Florida Rules of Criminal Procedure. We disagree and therefore affirm.
In two separate cases, Buchanan was charged with eleven third degree felonies and three misdemeanors. Pursuant to a negotiated plea agreement, he pled nolo contendere to ten third degree felonies in exchange for the State's agreement to nolle prosequi one felony and three misdemeanor charges. The State further agreed to make no objection to the imposition of a combined sentence which would not exceed a term of seven years imprisonment. The trial court accepted the plea and sentenced Buchanan to concurrent terms of seven years imprisonment on each felony.
Buchanan appealed his sentences. While the appeal was pending, he filed a motion pursuant to rule 3.800(b)(2)of the Florida Rules of Criminal Procedure seeking to correct his sentences, contending that they were illegal because the maximum sentence allowed for a third degree felony is five years. See § 775.082(3)(d), Fla. Stat. (1999). Said motion was not ruled on by the trial court within sixty days and, accordingly, was deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B).
Prior to filing its answer brief, the State filed a motion with the trial court seeking to correct Buchanan's sentences, acknowledging that the original sentences were illegal because they exceeded the statutory maximum allowed for third degree felonies. The trial court granted the State's motion and restructured Buchanan's sentences, imposing concurrent four year sentences on each felony from the first case, followed by concurrent three year sentences on each felony from the second case, thereby achieving the original intent of the negotiated plea.
Buchanan now contends that the entry of the corrected sentences was error. We disagree. A trial court can legally restructure a defendant's sentences by changing concurrent terms to consecutive terms, as long as the new sentence is not found to be vindictive. See Norton v. State, 731 So.2d 762 (Fla. 4th DCA 1999); Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982). Here, the record does not suggest, nor does Buchanan raise, a claim of vindictiveness. Accordingly, we affirm.
Judgments and Sentences AFFIRMED.
COBB and PETERSON, JJ., concur.