871 So.2d 294 (2004)
Cameron Dale TILLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-4121.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
Rehearing Denied April 28, 2004.
Cameron Dale Tilley, Malone, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
*295 PER CURIAM.
Cameron Dale Tilley appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We believe Tilley's motion is more appropriately considered under Florida Rule of Criminal Procedure 3.800(a). Because we conclude that Tilley's sentence is illegal, we remand this matter to the trial court so that the sentence can be restructured.
Pursuant to a plea agreement with the State, Tilley pled nolo contendere to three counts of lewd or lascivious assault upon a child, in violation of section 800.03, Florida Statutes (1994). Tilley and the State agreed to a seven-year prison sentence followed by ten years of sex offender probation. Pursuant to that agreement, a predecessor judge sentenced Tilley to concurrent terms of seven years in prison, followed by concurrent terms of ten years of sex offender probation. Because Tilley's crimes were each second degree felonies and his sentencing guidelines scoresheet did not authorize a greater sentence, Tilley should have received no more than a total of fifteen years in prison or probation for each offense. The seventeen-year sentences imposed (seven years prison and ten years probation) on each count is an illegal sentence. See § 775.082(3)(c), Fla. Stat. (1994).
For that reason, we remand this matter to the trial court for resentencing. Tilley is entitled to the benefit of the plea agreement, but nothing more. On remand, Tilley's sentence can be restructured in a manner that effectuates the plea agreement. For example, the court could sentence Tilley to seven years in prison on one count, followed by ten years of probation on the remaining two counts, concurrent with each other but consecutive to Tilley's prison sentence. Such a restructuring would comply with the plea agreement and result in a legal sentence.
REVERSED AND REMANDED.
PLEUS, ORFINGER and MONACO, JJ., concur.