898 So.2d 1201 (2005)
Ronald G. DECOSTE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-65.
District Court of Appeal of Florida, Fifth District.
April 8, 2005.
Ronald G. Decoste, Sneads, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
*1202 PALMER, J.
Ronald G. Decoste (defendant) appeals the trial court's order summarily denying his rule 3.800(a) motion which sought the award of additional jail time credit.[1] As defendant's motion does not clearly show an entitlement to receive additional jail time credit, the trial court's order denying relief is affirmed.
In his motion, the defendant alleged he only received two days of jail credit when he was sentenced and that he should have received 298 days of jail credit as his bond in this case was surrendered on December 10, 2001. These allegations are legally insufficient to require the trial court to grant the defendant relief under rule 3.800(a) because they do not demonstrate that the defendant was taken into custody in this case on December 10, 2001, and they do not specifically list the dates on which the defendant was in jail before sentencing. Moreover, while the defendant claims entitlement to 298 days of jail credit, the time period from December 10, 2001 until sentencing on March 27, 2003 exceeds 298 days.
Jail credit issues are more appropriately brought in a rule 3.850[2] proceeding if the defendant is requesting additional jail credit due to factual matters not ascertainable from the trial court's records. As such, our ruling is without prejudice to the defendant's right to file a rule 3.850 motion. See Blake v. State, 807 So.2d 772 (Fla. 2d DCA 2002). See also McKnight v. State, 769 So.2d 434 (Fla. 2d DCA 2000)(noting that where defendant claimed he voluntarily canceled his bond on one charge after being arrested and jailed on another charge, evidentiary hearing would be necessary, so rule 3.800(a) review was not appropriate).
AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.800.
[2] See Fla.R.Crim.P. 3.850.