899 So.2d 1208 (2005)
Randy Allen SANDS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3082.
District Court of Appeal of Florida, Fifth District.
April 15, 2005.
*1209 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Randy Allen Sands appeals the sentence that was imposed after the trial court granted his Motion to Correct Illegal Sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b). The issue we must resolve is whether it was permissible, upon resentencing, for the trial court to restructure Sands' sentence by changing the sentence on one count to run consecutive to, rather than concurrent with, the other counts. We believe that it is within a trial court's discretion to restructure a sentence so long as the aggregate sentence remains within the parameters of the plea agreement, does not exceed the maximum sentence that may be lawfully imposed, and is not vindictive. We proceed to determine whether the sentence here meets these criteria.
Based on unlawful contact with two minor females and actions subsequent thereto, Sands was charged in separate cases, resulting in the plea agreement from which his sentences arise. In case number 99-45777, Sands was charged with lewd and lascivious battery (Count I); lewd and lascivious molestation (Count II); lewd and lascivious conduct (Count III); and aggravated assault (Count IV). Later, Sands solicited a fellow inmate, soon to be released, to frighten or intimidate the victims and their families so that they would not testify. Unfortunately for Sands, these actions resulted in charges filed against him in case number 00-41069, which included a count charging solicitation to commit a life felony (arson) and a count charging witness retaliation.
Pursuant to his plea agreement with the State, Sands pled nolo contendere to the two counts mentioned in case number 00-41069 and to all four counts in case number 99-45777. In exchange, the agreement provided that the court would impose a sentence of between 221.4 months (18.45 years) and 295.2 months (24.6 years) in prison followed by ten years of probation. The plea agreement was presented to the trial court, Sands entered his plea, and he was sentenced as follows in case number 99-45777: lewd and lascivious battery, 15 years' incarceration; lewd and lascivious molestation, 24.6 years' incarceration followed by 5 years' probation to be served concurrent with the previous sentence; lewd and lascivious conduct, 10 years' probation concurrent with the previous sentence; and aggravated assault, 5 years' probation consecutive to the probationary sentence imposed for lewd and lascivious molestation. In case number 00-41069, Sands was sentenced as follows: solicitation to commit a felony (arson), 10 years' probation concurrent with the other charges; and witness retaliation, 10 years' probation concurrent with the previous sentence. The total sentence for all of the charges was 24.6 years' incarceration followed by 10 years' probation, which complies with the plea agreement.
On August 21, 2003, Sands filed a Notice of Appeal with this court. On January 29, 2004, Sands filed a Motion to Correct Sentence and Schedule Hearing, alleging that the lewd and lascivious molestation charge *1210 found in Count II in case number 99-45777 was a second-degree felony, not a first-degree felony.[1] As a result, Sands contended, the maximum allowable sentence for that charge would have been 15 years. On February 4, 2003, the trial court granted the motion and scheduled a hearing for February 16, 2004.
During the February 16, 2004, hearing, the State agreed that Count II was a second-degree felony with a maximum sentence of 15 years' incarceration. The trial court explained how it was going to restructure the sentence:
As to count two, lewd or lascivious molestation, the court will reaffirm the prior adjudication of guilt, and I'm going to sentence you to 9 point 6 years in the Department of Corrections and that will run consecutive to count one; and additionally, there will be 5 point 5 years of probation ... [a]ctually 5 point 4 years of probation to follow.
* * *
Again I want to repeat that the 9 point 6 years of DOC on count two, which would be consecutive to fifteen years of DOC that is in count one. I believe that comes up with a total of 24 point 6 years.
Counsel for Sands argued that the request for relief was limited to the illegal sentence imposed for the lewd and lascivious molestation charge in Count II and that by making that sentence consecutive to the other sentence imposed for lewd and lascivious battery charged in Count I and revising the probation period, the court was restructuring a part of the sentence that was not before the court. After further discussion, the court stated that "[t]he parties bargained for a cap of 24 point 6 months [sic], a cap. I was able to operate within that framework. . . ."
Following the hearing, the trial court issued a sentencing order nunc pro tunc to the original order issued August 18, 2003. The new order provided for the following sentence in case number 99-45777: lewd and lascivious battery, 15 years' incarceration; lewd and lascivious molestation, 9.6 years' incarceration followed by 5.4 years' probation consecutive to the previous sentence; lewd and lascivious conduct, 10 years' probation concurrent with the previous sentence; and aggravated assault, 5 years' probation consecutive to the probationary sentence imposed for lewd and lascivious molestation. Hence, the sentence after resentencing equals 24.6 years' incarceration followed by 10.4 years' probation.
Sands argues that his sentence should be vacated and remanded for resentencing for two reasons: (1) the court should not have increased the probation period to 10.4 years, and (2) the sentences for the first two counts in case number 99-45777 should have remained concurrent instead of being changed to consecutive.
"A trial court can legally restructure a defendant's sentences by changing concurrent terms to consecutive terms, as long as the new sentence is not found to be vindictive." Buchanan v. State, 781 So.2d 449, 450 (Fla. 5th DCA 2001) (citing Norton v. State, 731 So.2d 762 (Fla. 4th DCA 1999); Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982)). In Tilley v. State, 871 So.2d 294 (Fla. 5th DCA 2004), a case analogous to the instant case, the defendant filed a motion for postconviction relief under rule 3.850, which this court, sua sponte, considered under rule 3.800(a) because of the facial illegality of the sentence. In Tilley, the defendant, pursuant *1211 to an agreement, pled nolo contendere to three seven-year concurrent prison terms followed by concurrent terms of ten years' sex offender probation for three lewd and lascivious counts. Because the defendant should have received no more than a fifteen-year sentence for each count, the sentences were illegal under section 775.082(3)(c). After instructions to remand, this court recognized that a
sentence can be restructured in a manner that effectuates the plea agreement. For example, the court could sentence Tilley to seven years in prison on one count, followed by ten years of probation on the remaining two counts, concurrent with each other but consecutive to Tilley's prison sentence. Such a restructuring would comply with the plea agreement and result in a legal sentence.
Id. at 295.
The original sentence for Counts I and II in case number 99-45777 was for a total of 26.4 years' incarceration followed by 10 years' probation. Sands could have received 15 years consecutive for each of the counts, for a total of 60 years; thus, 26.4 years' incarceration is well within that legal maximum and exactly within the maximum incarcerative portion of the sentence provided in the plea agreement. This brings us to the first point raised by Sandsthat the trial court erred by increasing his probation period on resentencing.
Sands correctly argues that the increase of the probationary sentence from 10 years to 10.4 years is a harsher sentence than originally imposed and falls outside the parameters of the plea agreement which calls for a probationary sentence in the aggregate of 10 years. In instances where a defendant files a motion to correct an illegal sentence and later challenges the sentence subsequently imposed on the basis that it is harsher than the prior sentence, the presumption of vindictiveness established in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), applies unless there is some "independent legal basis or identifiable conduct" on the defendant's part, other than the filing of the motion, that warrants the harsher sentence. See Richardson v. State, 821 So.2d 428, 431 (Fla. 5th DCA 2002); see also Blackshear v. State, 531 So.2d 956 (Fla.1988); Everett v. State, 824 So.2d 211 (Fla. 1st DCA 2002); see generally James v. State, 868 So.2d 1242, 1246 (Fla. 4th DCA 2004) (acknowledging that with an "`independent legal basis or identifiable conduct' on the defendant's part," a court may restructure sentences).
Because the probationary sentence is 4.8 months longer than that agreed to by the parties, it is erroneous on its face. Moreover, it is presumptively vindictive because it is a harsher probationary sentence than originally imposed, and there is nothing in the record to establish an independent basis or identifiable conduct by Sands after the original sentence that warrants the harsher sentence. Accordingly, we affirm the judgment and sentence as to the term of incarceration, but remand to correct the probationary portion of the sentence to bring it in compliance with the plea agreement by imposition of a ten-year term of probation.
We acknowledge that the outcome here may not be to Sands' liking. After all, it is quite obvious that the essence of his complaint is not that he has been deprived of the benefit of his bargain; rather, it is that he did not receive from the trial court a less severe sentence than he bargained for. We believe, however, that a plea agreement should be adhered to by both parties if it is legally permissible to do so. The trial court attempted to provide both Sands and the State what they were entitled *1212 to under their plea agreement, but it made a mistake in the calculation of the total probationary sentence. We will correct that error by requiring the trial court to reduce Sands' aggregate probationary sentence by 4.8 months. Perhaps Sands will perceive this as a Sisyphean victory given the fact that for all of his efforts, he now finds himself back to square one. Unfortunately for Sands, he will have to content himself with a legally correct result rather than a self-satisfying one.
AFFIRMED and REMANDED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] Because Sands filed his motion to correct sentence before his initial brief on appeal was due, Sands has preserved the sentencing issue for appeal. Fla. R. Crim. P. 3.800(b)(2).