940 So.2d 545 (2006)
Herman Raymond SHEPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4122.
District Court of Appeal of Florida, Fifth District.
October 27, 2006.
*546 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Herman Shepard timely appeals from his judgments and sentences for armed trafficking in cocaine, possession of a controlled substance, and armed trafficking in hydrocodone. The sole issue on appeal is whether the trial court violated Shepard's double jeopardy rights by recalling the parties after the sentencing hearing had concluded and changing his oral pronouncement of "concurrent" to "consecutive" on one of Shepard's sentences. Pursuant to our supreme court's decision in Ashley v. State, 850 So.2d 1265 (Fla.2003), we are compelled to reverse.
Shepard was tried by a jury and found guilty of the above-recited offenses. At the sentencing hearing, the trial judge orally pronounced that he was sentencing Shepard to thirty years in prison on Count I and five years on Count II, with these sentences to run consecutively. As to Count III, the trial court pronounced:
[T]he Court will commit you to the custody of the Department of Corrections of the State of Florida and be imprisoned in Florida State Prison for 30 years ... and that sentence will be concurrent with the sentences imposed in Counts I and II.
The court further imposed the minimum mandatory terms required for Counts I and III. After advising Shepard of his right to appeal and after confirming with the attorneys that no other matters needed to be addressed, the trial judge stated: "Then these proceedings are closed."
Approximately fifty minutes later, the judge recalled the parties and stated:
[I]n finishing the paperwork following the sentencing in this case, it came to the Court's attention that I had made a mistake and had inadvertently used the word `concurrent' in a circumstance in *547 which I had fully intended and determined to use the word `consecutive.'
Over defense counsel's objection, the trial court then sentenced Shepard to thirty years on Count I, five years on Count II, and thirty years on Count IIIall sentences to run consecutively.
Significant to our analysis is that the trial judge's originally pronounced sentence was neither ambiguous nor illegal. Comtois v. State, 891 So.2d 1130 (Fla. 5th DCA 2005). We find our supreme court's decision in Ashley to be controlling.
In Ashley, the defendant was charged with possession of a firearm by a convicted felon. Prior to trial, the state filed a notice of intent to classify Ashley as a habitual violent felony offender (HVFO) based on a prior robbery conviction. At trial, the jury found Ashley guilty as charged on the possession of firearm offense.
At the sentencing hearing, the prosecutor requested that Ashley be sentenced as an HVFO. Defense counsel requested the trial court exercise its discretion not to sentence Ashley as an HVFO. On the following day, the trial court pronounced sentence. The trial court orally sentenced Ashley as a habitual felony offender (HFO) and sentenced him to twenty-five years in prison. At the conclusion of the hearing, the trial court stated: "Take Mr. Ashley back to begin his sentence." At no time during the hearing did the trial court pronounce Ashley a habitual violent felony offender.
The written judgment and sentence indicated that Ashley had been sentenced as an HVFO to twenty-five years in prison with no minimum mandatory term noted on the written form. Three days later, Ashley was brought back to court and orally sentenced to twenty-five years as an HVFO. For the first time, the court imposed a ten-year minimum mandatory term. The new written judgment and sentence was consistent with the court's second oral pronouncement.
The First District Court of Appeal rejected Ashley's double jeopardy claim, finding the trial court's imposition of an HFO sentence:
[W]as the result of a simple mistake about what had been noticed and then proven the day before. It was not a discretionary judgment based on the facts to impose a lighter sentence.
Ashley v. State, 772 So.2d 42, 43 (Fla. 1st DCA 2000). The supreme court reversed, finding the resentencing of Ashley violated Ashley's constitutional right against double jeopardy. The court went on to state:
Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.
Ashley, 850 So.2d at 1267. The court recognized that the trial judge's failure to state the word "violent" during the initial sentencing pronouncement may well have simply been an oversight. Nonetheless, the court found double jeopardy principles barred the trial judge's second effort to sentence Ashley.
The state argues that because the oral pronouncement conflicted with the written sentence, this court would have the authority to remand the case back to the trial court to resolve the conflict between the written order and the oral pronouncement. Coleman v. State, 898 So.2d 997, 998 (Fla. 2d DCA 2005). Therefore, the state contends the trial judge had the authority to resolve the conflict before the filing of a notice of appeal. We cannot accept this argument because, unlike Coleman, the trial court's oral pronouncement in this case was unambiguous.
The state further argues that Ashley is distinguishable because the trial court corrected *548 its error within an hour. We would initially note that it would certainly have been permissible for the trial court to correct its misstatement prior to the conclusion of the sentencing hearing. See Johnson v. State, 608 So.2d 138 (Fla. 4th DCA 1992); Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982). However, as previously stated by this court, the trial court's pronouncement becomes final when the sentencing hearing ends. See Colon v. State, 905 So.2d 1000 (Fla. 5th DCA 2005); Comtois. Colon and Comtois are consistent with our supreme court's decision in Troupe v. Rowe, 283 So.2d 857 (Fla.1973). In Troupe, the trial court had accepted the defendant's plea, imposed sentence, and concluded the sentencing proceeding. Later that day, the trial court changed its mind, declined to accept the plea, and ordered the parties to proceed to trial. The Florida Supreme Court ultimately entered an order prohibiting the retrial of the defendant. The court found that a "final, conclusive judgment and sentence" had been pronounced by the trial judge. Accordingly, jeopardy was found to have attachednotwithstanding the short time period between the conclusion of the initial sentencing proceeding and the court's decision to no longer accept the defendant's plea.
We recognize that our decision may place additional responsibilities on our already overburdened trial court judges. However, in Ashley, the supreme court found that to hold otherwise "does serious harm to the double jeopardy principles which have guided our courts for centuries." Ashley, 850 So.2d at 1268-1269.
REVERSED and REMANDED.
SAWAYA and TORPY, JJ., concur.