946 So.2d 598 (2006)
Daryl HARNAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3739.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Rehearing Denied February 5, 2007.
*599 Daryl Harnage, Monticello, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Daryl Harnage appeals the denial of a Florida Rule of Criminal Procedure 3.800(a) motion. The motion alleged that Harnage was arrested for new offenses in St. Lucie County while he was on probation for cases in Martin County. A "no-bond hold" was placed on Harnage while he was jailed on the St. Lucie County case, and a violation of probation warrant issued in Martin County. According to the motion, the Martin County detainer was the reason Harnage did not post bond on the St. Lucie county charges.
The record attached by the trial court in this case demonstrates that Harnage was given credit from the date Martin County authorities formally arrested him on the violation of probation warrant. Harnage contends he is entitled to jail credit on the Martin County case from the date he was arrested for the new charges in St. Lucie County.
The motion failed to establish that Harnage was entitled to additional jail credit. The trial court correctly ruled that Harnage was entitled to jail credit from the date the Martin County violation of probation warrant was formally executed. Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001), approved by, 838 So.2d 504 (Fla.2003); Martinez v. State, 940 So.2d 1277 (Fla. 4th DCA 2006); Young v. State, 840 So.2d 468 (Fla. 2d DCA 2003).
Harnage failed to identify record evidence to support a claim that he was held solely on the Martin County detainer while jailed in St. Lucie County. Bonilla v. State, 884 So.2d 1072 (Fla. 5th DCA 2004). Under the circumstances, this claim may not be ascertainable from the face of the record and is improper for a rule 3.800(a) motion. See Decoste v. State, 898 So.2d 1201 (Fla. 5th DCA 2005) (holding that jail credit issues are appropriately brought in a rule 3.850 motion where the additional credit hinges on factual matters not ascertainable from the face of the record).
Affirmed.
POLEN, SHAHOOD and GROSS, JJ., concur.