955 So.2d 645 (2007)
Salvatore BURRIESCI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4470.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
*646 Salvatore Burriesci, Punta Gorda, pro se.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Salvatore Burriesci appeals a trial court order summarily denying his amended motion to correct illegal sentence seeking additional jail credit for time served out of the county pursuant to a detainer from Broward County, Florida. He previously sought additional jail credit in a motion to correct illegal sentence, which appears to have included claims for the same period of time and on the same basis. That motion was summarily denied by the trial court, and he did not appeal.
The State argues that appellant is collaterally estopped from applying for the same relief in a successive motion to correct. It is not clear in this case whether the trial court rejected the previous motion as successive, barred by collateral estoppel, or whether it denied relief on the merits of appellant's claims. Also, if appellant were entitled to additional jail credit, he could argue that denial of his claims constituted a manifest injustice, an exception to the general rule of collateral estoppel. State v. McBride, 848 So.2d 287, 291-292 (Fla.2003).
We find that the amended motion was legally insufficient because it failed to show that appellant was entitled to additional jail credit based on factual matters ascertainable from the trial court's records. See Harnage v. State, 946 So.2d 598 (Fla. 4th DCA 2006). However, affirmance is without prejudice to appellant's right to file a rule 3.850 motion within thirty (30) days of issuance of this Court's opinion raising this claim. Decoste v. State, 898 So.2d 1201 (Fla. 5th DCA 2005).
Affirmed without Prejudice.
GUNTHER, FARMER and TAYLOR, JJ., concur.