965 So.2d 1234 (2007)
Henry BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2275.
District Court of Appeal of Florida, Fifth District.
September 28, 2007.
*1235 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Henry Brown, Jr. ("Brown"), appeals his sentence for aggravated assault and aggravated battery. We reverse.
Brown was charged by information with one count of attempted second-degree murder (Count I) and one count of aggravated battery with a deadly weapon causing great bodily harm (Count II). Brown was convicted by a jury of the lesser included offense of aggravated assault in Count I and aggravated battery as charged in Count II.[1]
A sentencing hearing was conducted on June 24, 2005. Brown's scoresheet reflected a sentencing range between 95.25 months and twenty years of incarceration. During the hearing, the State asked for the maximum available sentence of twenty years based on Brown's violent prior criminal record.[2] In response to a question from the Court, the prosecutor replied:
The most I could do on count one, Your Honor, would be the 15 years because it's a second-degree felony.
Brown then argued for a downward departure or a term of supervision. Thereafter, consistent with the prosecutor's prior statement as to the maximum available sentence for Count I, the trial court orally pronounced the following sentence:
It's the sentence of this court that on count one he be sentenced to 14 years in the Department of Corrections. On count two be [sic] sentenced to five years in the Department of Corrections. That will be concurrent rather than consecutive, and he will be given credit for time served.
*1236 The problem, however, was that it was Count II that carried a fifteen year statutory maximum. Count I was subject to a five year maximum sentence. The written sentence initially comported with the oral pronouncement; however, apparently on the same day, the sentencing judge changed the sentence to reflect five years on Count I and fourteen years on Count II.
Brown then filed a rule 3.800(b) motion[3] to correct an illegal sentence, arguing that the oral pronouncement of the fourteen-year sentence for Count I was illegal. The State countered that, under this Court's opinion in Sands v. State, 899 So.2d 1208 (Fla. 5th DCA 2005), the sentence could lawfully be "restructured" to reflect a sentence of five years on Count I and fourteen years on Count II. The State also filed its own rule 3.800(b) motion to correct sentence. The trial judge, Kim C. Hammond, entered an order granting the State's motion, noting in the order that the sentencing judge, Senior Judge Hitt, had corrected the written sentence on the day of sentencing. The order states:
At sentencing . . . the Court initially indicated 14 years on the aggravated assault and 5 years on aggravated battery on the written judgment and sentence, however that was changed to reflect the Court's oral pronouncement of five years on the aggravated assault and 14 years on the aggravated battery.[[4]] Judge Hitt initialed these corrections on the written judgment and sentence. . . . Therefore, it was the intent of the Court to sentence [Brown] to 14 years on the aggravated battery and 5 years for aggravated assault. The State's Motion being timely filed pursuant to Florida Rule of Criminal Procedure 3.800(b) and specifically alleging a correctable scrivener's error it is hereby

ORDERED AND ADJUDGED the State's Motion to Correct Sentence is Granted, nunc pro tunc, sentencing [Brown] to 5 years on count one, aggravated assault and 14 years on count two, aggravated battery.
(emphasis added) (footnote supplied).
On appeal, Brown argues that his fourteen-year sentence for Count I is illegal because it exceeds the statutory maximum, which in this case is 95.25 months, the "lowest permissible" sentence under the scoresheet.[5]See Butler v. State, 838 So.2d 554, 556 (Fla.2003). He also claims the court was not permitted to increase his sentence under Count II because the sentence imposed was legal and he already had begun to serve the sentence. The State says that under Sands it was permissible for the lower court to restructure Brown's sentence so long as his aggregate sentence did not exceed the maximum lawful sentence and is not vindictive.
It is well established that a court's oral pronouncement of a sentence controls over the written sentencing document. See Williams v. State, 957 So.2d 600, 603 (Fla.2007); Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003); Justice v. State, 674 So.2d 123, 126 (Fla.1996). When the written sentence results in a sentence that is more severe than the sentence announced in court, the sentence is illegal and must be corrected. The issue in this case is whether it was permissible for the court to amend Brown's written *1237 sentence, contrary to the oral pronouncement, by switching the sentences for Count I and Count II.
We begin by concluding that our Sands decision has no application to this case. The Sands court simply followed prior precedent that permits a court to restructure a sentence in a manner that effectuates the governing plea agreement. In reaching its decision, the Sands court stated:
We acknowledge that the outcome here may not be to [appellant's] liking. After all, it is quite obvious that the essence of his complaint is not that he has been deprived of the benefit of his bargain; rather, it is that he did not receive from the trial court a less severe sentence than he bargained for. We believe, however, that a plea agreement should be adhered to by both parties if it is legally permissible to do so. The trial court attempted to provide both [appellant] and the State what they were entitled to under their plea agreement, but it made a mistake in the calculation of the total probationary sentence. We will correct that error by requiring the trial court to reduce [appellant's] aggregate probationary sentence by 4.8 months.
899 So.2d at 1211-12.
Shepard v. State, 940 So.2d 545 (Fla. 5th DCA 2006), is more to the point. Here, the issue on appeal was whether the trial court violated appellant's double jeopardy rights by recalling the parties after the sentencing hearing had concluded and then changing its oral pronouncement of concurrent to consecutive on one of appellant's sentences. In Shepard, the lower court orally pronounced that the appellant was sentenced to thirty years on Count I and five years on Count II, with these sentences to run consecutively. As to Count III, the court sentenced him to thirty years and stated the sentence would be concurrent with the sentences imposed in Counts I and II. The court concluded the hearing after he advised appellant of his right to appeal and confirmed there were no other matters that needed to be addressed. Approximately fifteen minutes later, the trial judge recalled the parties, acknowledged a mistake and changed the sentence from concurrent to consecutive. The Shepard court noted that the trial court's oral pronouncement was unambiguous and said that although the lower court was permitted to correct its misstatement prior to the conclusion of the sentencing hearing, a trial court's pronouncement becomes final when the sentencing hearing ends. Id. at 548.
The Supreme Court's decision in Ashley also applies. In Ashley, the defendant was charged with possession of a firearm by a convicted felon. Prior to trial, the state filed a notice of intent to classify the defendant as a habitual violent felony offender (HVFO) based on a prior robbery conviction. At trial, the jury found him guilty as charged.
At the sentencing hearing, the prosecutor requested that the defendant be sentenced as an HVFO. Defense counsel requested the trial court to exercise its discretion not to sentence him as an HVFO. On the following day, the trial court pronounced sentence. The trial court orally sentenced the defendant as a habitual felony offender (HFO) and sentenced him to twenty-five years in prison.
The written judgment and sentence indicated that the defendant had been sentenced as an HVFO to twenty-five years in prison with no minimum mandatory term noted on the written form. Three days later, the defendant was brought back to court and orally sentenced to twenty-five years as an HVFO. For the first time, the *1238 court imposed a ten-year minimum mandatory term. The new written judgment and sentence was consistent with the court's second oral pronouncement. The supreme court held the resentencing of the defendant violated his constitutional right against double jeopardy. Ashley, 850 So.2d at 1267.
In the present case, it appears the sentencing judge may have been inadvertently misled into getting the sentences for the two counts backwards. Nonetheless, such an error cannot be changed once the sentencing hearing has concluded, at least where the originally pronounced sentence was neither ambiguous nor illegal. The court was obliged to correct the illegal sentence in Count I but was not permitted to change the legal sentence on Count II after Brown began to serve his sentence. See Wilhelm v. State, 543 So.2d 434, 435 (Fla. 2d DCA 1989). We see no impediment, however, upon resentencing, in having Count I and Count II run consecutively, rather than concurrently, if that more accurately reflects the sentencing intent.
REVERSED and REMANDED.
ORFINGER and EVANDER, JJ., concur.
NOTES
[1] Aggravated assault is a third-degree felony punishable by a maximum of five years' incarceration and aggravated battery is a second-degree felony punishable by a maximum of fifteen years' incarceration.
[2] Brown's prior record includes, among others, an escape, an aggravated assault with a deadly weapon, two domestic violence batteries, and two drug convictions.
[3] Fla. R.Crim. P. 3.800(b).
[4] The order rendered by Judge Hammond misapprehends the facts. The transcript clearly shows that the orally pronounced sentence was fourteen years for Count I and five years for Count II. This does not appear to be a scrivener's error as the order indicates.
[5] § 921.0024(2), Fla. Stat. (2005).