On Motion for Rehearing

PER CURIAM.
The motion for rehearing is granted. We withdraw our previously issued decision and substitute the following in its place.
The defendant appeals the trial court’s denial of his motion to correct an illegal sentence entered upon his violation of probation. He alleged that the court failed to credit his sentence to reflect prison time he served prior to being released on probation. The trial court denied the motion as successive to the claim raised in his prior motion. Because a manifest injustice may have occurred, we reverse and remand the case for further proceedings.
The defendant was originally charged with possession, delivery or sale of a controlled substance within 1,000 feet of a school, a first degree felony. He maintains that he pled to a third degree felony. From the record provided, we are unable to discern the degree of charge to which he actually pled. Nevertheless, he was sentenced to eighteen months in prison and three years probation, suggesting that the charge was reduced from a first degree felony as part of the plea.
After having served the prison term of his sentence, he was placed on probation, which he violated. He pled to the violation. The plea form indicated that he would receive 48.3 months in Florida State Prison with credit for 58 days time served following service of the warrant, which is the precise time his sentence reflects. The box for prison credit was not checked.
He filed a grievance with the prison authorities contesting the failure to be given credit for the 18 months spent in prison prior to being placed on probation. He was informed that the issue of credit for prison time needed to be addressed by the sentencing court.
The defendant then filed a motion for clarification of his sentence, which was really a motion for relief, pursuant to Florida Rule of Criminal Procedure 3.800(a). It stated that he had not been given credit for the 18 months prison time served. The trial court, a different judge than had accepted the plea, summarily denied the motion stating that “as part of the plea agreement, the Defendant agreed that he would only receive credit for time served from the date the violation of probation warrant was served.” The court attached a copy of the plea agreement. However, the agreement only said “48.3 credit since service of warrani^58 days.” It did not mention prison credit or contain an explicit waiver of the prison credit. The defendant did not appeal that order.
Later, the defendant filed the same claim in a motion to correct an illegal sentence pursuant to rule 3.800(a). The state responded that the motion was successive. The trial court agreed and sum *634 marily denied the motion for the reasons stated in the state’s response.
We can certainly understand the trial court’s order finding the second motion successive because it was. We also understand that the defendant failed to appeal the order denying his first motion. However, State v. McBride, 848 So.2d 287 (Fla.2003) teaches us that we should consider an appeal of a 3.800 motion, even if it is successive and would be barred by collateral estoppel, if a manifest injustice results.
Here, the maximum penalty for a first degree felony is thirty years while the maximum penalty for a third degree felony is five years. The defendant spent 18 months in prison before violating his probation. He was then sentenced to another 48.3 months. The total of the two incarcerations would exceed the five-year maximum penalty that could be imposed for a third degree felony. It would also constitute an illegal sentence if the defendant did not voluntarily and explicitly waive his right to credit for prison time served for a first degree felony. See Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995) (holding that a waiver of prison time must be voluntary and specific). See also Burriesci v. State, 955 So.2d 645 (Fla. 4th DCA 2007) (explaining that denial of a claim of an entitlement to additional jail credit may constitute a manifest injustice, which is an exception to the procedural bar of collateral estoppel); Isom v. State, 915 So.2d 183 (Fla. 3d DCA 2005) (recognizing that failure to provide credit for prison time served, absent an explicit waiver, constitutes a manifest injustice).
We therefore remand the case to the trial court to determine the level of felony to which King pled and whether the record reflects an explicit waiver of prison time. We simply cannot discern this information from the partial record supplied to us. Scott v. State, 958 So.2d 596 (Fla. 4th DCA 2007) (waiver of credit must be explicit on the record); Autrey v. State, 736 So.2d 94 (Fla. 4th DCA 1999).

Reversed and Remanded.

WARNER, TAYLOR and MAY, JJ., concur.