PER CURIAM.
 

 The appellant seeks review of an order denying a request for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant entered into a plea agreement on December 15, 2009, that called for 421 days of jail credit. However, the appellant was not sentenced until October 22, 2010, at which time he was awarded 502 days of jail credit. In the instant motion, the appellant requests credit for an additional 314 days, representing time between entering into the plea agreement and sentencing.
 

 We affirm because the appellant’s allegations are insufficient to demonstrate entitlement to relief. To make a facially sufficient claim for jail credit, an appellant must: (1) provide the dates for which he is seeking credit, (2) provide the date of his sentence, and (3) allege where in the record it can be shown that he is entitled to relief.
 
 See Thomas v. State,
 
 634 So.2d 175, 177 (Fla. 1st DCA 1994);
 
 State v. Mancino,
 
 714 So.2d 429, 433 (Fla.1998). The sentencing transcript in the instant case
 
 *85
 
 indicates that the appellant was released on bond after which he committed new offenses. The appellant’s motion does not specify the dates that he was actually incarcerated on the charges in the present case, or allege when he was arrested, when he bonded out, or when his bond was revoked. In the absence of these allegations and the jail certificates that would establish his entitlement to relief, the appellant’s claim was properly denied.
 
 See Decoste v. State,
 
 898 So.2d 1201 (Fla. 5th DCA2005).
 

 AFFIRMED.
 

 DAVIS, ROBERTS, and ROWE, JJ., concur.