NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEON MILLER,                          )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D15-2032
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
                                      )
_____)

Opinion filed June 22, 2016.

Appeal from the Circuit Court for Highlands
County; J. Dale Durrance, Judge.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

          Leon Miller challenges the legality of his sentence following his no contest

plea.  He properly preserved the issue by filing a 3.800(b)(2) motion pursuant to the

Florida Rules of Criminal Procedure.  We reverse the court's sentence as to count I and

remand for the circuit court to correct the sentences to reflect the valid plea agreement which the court had earlier accepted.

On June 29, 2011, Mr. Miller pleaded no contest to possession of cocaine and to sale of cocaine. Following a thorough colloquy, the court accepted Mr. Miller's pleas to specified periods of probation and scheduled a sentencing hearing to be held thirty days later. However, between the time of the plea agreement and sentencing, Mr. Miller (for reasons not entirely clear from the record) fell into a lengthy period of legal incompetence. See § 916.12, Fla. Stat. (2010). He was not restored to competency until nearly four years later.

Mr. Miller filed a Motion to Withdraw Pleas of No Contest on September 29, 2014, in which he asserted that "[he] entered a plea of No Contest to Sale of Cocaine and Possession of Controlled Substance. . . . At the time of the entry of the plea of No Contest, [he] did not fully understand the nature or consequences of the plea, to-wit: he was Incompetent to proceed." The circuit court issued an order denying this motion and, on March 30, 2015, convened a sentencing hearing. At that hearing, Mr. Miller was adjudicated guilty and placed on twelve years of probation for possession of cocaine (count I), concurrent with five years of probation for sale of cocaine (count II). The court denied Mr. Miller's subsequent rule 3.800(b)(2) motion, and Mr. Miller appealed.

Mr. Miller and the State agree on a basic fact in this case: the circuit court pronounced an illegal sentence. A close review of the transcripts convinces us that the trial court simply reversed the terms of probation applicable to the respective counts under the plea agreement the parties had reached four years earlier. As a result, the

- 2 -

twelve-year probationary sentence pronounced as to count I was clearly illegal because it exceeded the statutory five-year maximum sentence for possession of cocaine, a third-degree felony. See §§ 893.13(6)(a), 775.082, Fla. Stat. (2010).

On appeal, Mr. Miller—who does not deny that he had entered into a plea agreement and that that agreement included a total term of probation of twelve years— contends that the only legal remedy for this illegal sentence is a reduction of the possession of cocaine count's probationary term to the five-year statutory maximum, which would effectively reduce his overall probationary term from twelve years to five. The State answers that the proper remedy is instead to correct the oral pronouncement of sentences to conform to the original plea agreement because the pronouncement merely misstated that agreement.

The State's argument is correct. There is simply a conflict between the plea agreement previously announced and the oral sentences later pronounced, which inverted the probationary terms of the agreement for the respective counts. That inadvertent error resulted in an illegal sentence as to one of the counts. This court can direct the correction of such errors under Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(d). See Correa v. State, 43 So. 3d 738, 743 n.10 (Fla. 2d DCA 2010) ("[T]his court will normally require the trial court to amend its written order to match the oral pronouncement. In this case, however, it is clear from the record and from the transcript of the proceedings that the trial court simply misspoke at the hearing." (citation omitted)); Sands v. State, 899 So. 2d 1208, 1211-12 (Fla. 5th DCA 2005) ("[A] plea agreement should be adhered to by both parties if it is legally permissible to do so. The trial court . . . made a mistake in the calculation of the total probationary sentence.

- 3 -

We will correct that error . . . ."); cf. A.D.W. v. State, 777 So. 2d 1101, 1104 (Fla. 2d DCA 2001) (observing that a plea agreement is a contract and "[a] defendant will not be relieved of an obligation that was included as a specific component of a plea agreement that was bargained for and voluntarily entered into by defendant" (quoting Garcia v. State, 722 So. 2d 905, 907 (Fla. 3d DCA 1998))).

Accordingly, we reverse the sentence and remand with instructions to enter corrected sentences of five years of probation on count I (possession of cocaine) concurrent with twelve years of probation on count II (sale of cocaine) in conformity with the plea agreement.

Reversed and remanded with instructions.


VILLANTI, C.J., and WALLACE and LUCAS, JJ., Concur.