EN BANC

Conner, J.
The defendant appeals an order denying his second motion for relief under Florida Rule of Criminal Procedure 3.800(a). He challenges his thirty-year sentence for DUI manslaughter on count one, arguing the sentence is illegal because it exceeds both the statutory maximum of. fifteen years and the lowest permissible sentence of twenty-two years under the Criminal Punishment Code. We affirm for two reasons: (I) relief is barred by collateral es-toppel; and (2) although the sentence is illegal, there is no manifest injustice to warrant an exception to the collateral es-toppel bar.

Pertinent Facts and Prior Proceedings

The defendant entered a negotiated plea of no contest on two counts of DUI manslaughter, one count of DUI with damage to property or person, and one count of DUI with serious bodily injury. In exchange for his plea to the charges, the State agreed to a cap of thirty years’ incarceration, no life sentence, and the court’s discretion to impose community control or probation.
The defendant scored 380 points on his Criminal Punishment Code (CPC) score-sheet. Absent a plea agreement, the minimum permissible sentence was twenty-two years in prison on each count of DUI manslaughter, and because his sentencing points exceeded 363, the court could have sentenced him to life in prison on each of the DUI manslaughter counts. § 921.0024(2), Fla. Stat. (2007).
In compliance with the plea agreement, the court sentenced the defendant to thirty years in prison on one count of DUI manslaughter; fifteen years on the second *736 count of DUI manslaughter, to be served concurrently; one year of probation for count three, DUI with property damage; and two years community control followed by three years’ probation on count four, DUI with serious bodily injury,
At sentencing, the trial judge stated:
[M]y intent of this sentence is to give a 30-year sentence, plus the two years community control and the four—four years probation. That’s the full intent of the sentence. I structured it in the legal way that I felt was appropriate and the prosecutor had recommended and I feel appropriate also. The fact that he scores 22 years on the guideline scoresheet and the guideline scoresheet states in it on— on—in the back portion that the maximum sentence is the statutory maximum for the primary and additional offenses as provided in the statute, unless the lowest permissible sentence in the Code exceeds the statutory maximum. Such sentence may be imposed concurrently or consecutive. Total sentencing points are greater than equal to 363, a life sentence may be imposed.. So. I could have imposed a life sentence. The Plea Agreement called that they couldn’t impose life sentence. Therefore, the maximum I could impose is what I imposed. My issue is if the maximum computation is 22 years on the scoresheet, uh, are you—is there a gray area between 22 years and life? And the State believes I’m comfortable going ahead and giving the sentence I gave as—I can give anything up to life and I would have been permitted to give 30 years on this legally and—and within the law, correct? ,.. But I want to make it very clear on the record that my intent, so if anybody reviews this, was to give him a 30-year sentence, followed by two years community control, followed by three—four years probation. That’s my intent fully. I could have structured it 15 on—on—I mean 22 on one count, eight on the second count, uh, and—and—and then, uh, and then the—the probation, the same way it was ... Uh, but I could give 22 and eight, it comes out the exact same, there’s no difference. And maybe I’m making too much of this, but I like to make everything clear now, because three, four, five, ten years from now, who knows, people won’t have knowledge that we have of this case now.
On direct appeal, the defendant argued that his sentences on the DUI manslaughter counts were illegal because the sentencing points on his scoresheet were added incorrectly, yielding a sentence for each count which exceeded the maximum statutory sentence. We affirmed the convictions and sentences without opinion. Martinez v. State, 46 So.3d 61 (Fla. 4th DCA 2010).
In March 2011, the defendant filed a rule 3.800(a) motion alleging that his sentence on count one was illegal because it exceeded the lowest permissible sentence under the CPC of twenty-two years, citing section 921,0024(2), Florida Statutes (2011). The defendant argued, as to count one, that because his total point score exceeded 363 points, “[i]t was discretionary for [the trial court] to impose a life sentence.” (emphasis omitted). He further argued that, since the trial court did not impose a life sentence, the only sentence that could be imposed was twenty-two years. Making no mention of the plea agreement, the defendant argued the sentences on the other counts could not be changed because he was not attacking them. The motion included a one-sentence, conclusory statement that “[fjailure to correct the sentence on Count 1 will constitute manifest injustice.”
In response, the State argued that the defendant’s claim was barred by collateral estoppel because he raised an illegal sen *737 tence argument on direct appeal by contending his sentence exceeded what was allowed under his scoresheet. Additionally, the State argued that because there was a plea agreement for a cap of thirty years to avoid a life sentence, there was no manifest injustice because, upon resentencing, the court could impose the same total sentence on the DUI manslaughter counts in compliance with the plea agreement. In reply, the defendant did not further address the manifest injustice argument.
The trial court ordered, a supplemental response from the State., directing the State to “[c]ite to authority showing that the sentence on count 1 is not illegal or that the Defendant is not entitled to resen-tencing due to an illegal sentence on count 1.” In supplemental response, the State again relied on its arguments in its previous response that the trial court intended to give a total sentence of thirty years, and added the quotation above of the trial judge’s statements explaining the sentencing intention and various options to achieve the plea agreement. In reply to the State’s supplemental response, the defendant argued that the State’s position in this case was inconsistent with its position in Cillo v. State, 913 So.2d 1233 (Fla. 2d DCA 2005), wherein the State conceded that an illegal sentence resulted in a manifest injustice, and the collateral estoppel bar did not apply. Id. at 1233.
The trial court agreed with the State and denied the rule 3.800(a) motion. We affirmed without opinion. Martinez v. State, 95 So.3d 241 (Fla. 4th DCA 2012).
In May 2013, the defendant filed a rule 3.850 motion raising six grounds for relief, one of which again argued error in the imposition of the sentence on count one. The defendant argued the trial court committed fundamental error by imposing a sentence that exceeded both the statutory maximum for DUI manslaughter and the lowest permissible sentence under the CPC. The trial court denied relief based on collateral estoppel. We again affirmed without opinion. Martinez v. State, 155 So.3d 361 (Fla. 4th DCA 2014).
In October 2014, the defendant filed the current rule 3.800(a) motion, once again attacking the thirty-year sentence on count one. He argued that his sentence resulted in manifest injustice apparent on the face of the record. He relied on Rigueiro v. State, 132 So.3d 853 (Fla. 4th DCA 2013). He argued it would be improper for the trial court to resentence him on the other counts notwithstanding the benefit he received from the State’s agreement.
The State again responded that collateral estoppel prevented the defendant from raising the same illegal sentencing arguments contained within his direct appeal, his first rule-3.800(a) motion, and his more recent rule 3.850 motion. The State argued the sentence on count one was not illegal because the court could impose consecutive sentences on counts one and two to reach the same result, citing Sands v. State, 899 So.2d 1208 (Fla. 5th DCA 2005). The trial court agreed with the State and denied the motion. From this order, the defendant gave notice of appeal.

Appellate Analysis

Our supreme court has held that collateral estoppel bars successive claims to relief under rule 3.800(a). State v. McBride, 848 So.2d 287, 288 (Fla. 2003). The court explained:
“Collateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same issues that, have already been decided.’-’ Under Florida law, collateral estoppel, or issue preclusion, applies when.“the identical issue has been litigated between the same parties or their privies.”
*738 Id. at 290-91 (citations omitted). But, “collateral estoppel will not be invoked to bar relief where its application would result in a manifest injustice.” Id. at 292. The defendant argues the manifest injustice exception applies here. We disagree.
The State concedes that the thirty-year sentence on count one is illegal, where it exceeds both the statutory maximum of fifteen years and the lowest permissible sentence under the CPC of twenty-two years. So, the questions to be answered are whether collateral estoppel bars the defendant’s successive claim that the sentence is illegal; and if so, whether manifest injustice prevents its application in this case.
Here, the defendant raised the identical issue—that his sentence on count one was illegal—in a prior 3.800(a) and 3.850 motion. In each instance, his claim was rejected and we affirmed on appeal. Because he has raised the identical issue in two prior proceedings, collateral estoppel bars his claim in the current 3.800(a) motion unless the manifest injustice exception applies. See State v. McBride, 848 So.2d at 291.
Under the CPC, given the total sentencing points, the trial court was required, absent a valid reason for departure, to sentence the defendant to the lowest permissible sentence for each crime. § 921.0024(2), Fla. Stat. (2007) (“The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure.”). Thus, absent a plea agreement, the trial court could have imposed a twenty-two year sentence on both counts one and two and run them consecutively. Alternatively, the trial court could have imposed two life sentences. Either alternative would have been a greater sentence than the thirty years the defendant received. Only the State’s agreement to cap his sentence at thirty years enabled the trial court to depart from imposing the lowest permissible sentence for both counts. See § 921.0026(2)(a), Fla. Stat. (2007) (authorizing a departure from the lowest permissible sentence from legitimate, uncoerced plea bargain). We therefore answer the second question in the negative. Manifest injustice does not result from applying collateral estoppel here.
Our conclusion is also dictated by our prior decision in Dennard v. State, 157 So.3d 1055 (Fla. 4th DCA 2014). Although Dennard did not involve an agreement by the State to cap the sentence, we concluded that rule 3.800(a) relief was barred by collateral estoppel because the trial court could have imposed the same total sentence by restructuring periods of incarceration for each count, running legal sentences consecutively. Id.
The defendant argued below and on appeal that resentencing on the other counts is not permitted because he did not attack those sentences in his second motion. In support of his argument, he cites State v. Bynes, 121 So.3d 619 (Fla. 4th DCA 2013); Reynolds v. State, 116 So.3d 558 (Fla. 3d DCA 2013); Pitts v. State, 935 So.2d 634 (Fla. 2d DCA 2006); and Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989). We are not persuaded by the defendant’s argument because the cases upon which he relies do not reflect that guilt was determined by a plea agreement, as was the case here.
Instead, we agree with the State and are persuaded by the Fifth District’s reasoning in Sands. There, Sands was sentenced under a plea agreement covering two separate cases involving a total of six charges. Sands, 899 So.2d at 1209. Sands filed a rule 3.800(b) motion attacking the sentence for only one count, contending the offense was a second degree felony, rather than a first degree felony; and, thus, the sentence imposed was illegal as it exceeded *739 fifteen years. Id. at 1209-10. For that count, the trial court imposed a sentence of 24.6 years of incarceration, followed by five years of probation, to be served concurrently with the sentence imposed for another count. Id. at 1209.
The trial court granted the motion, and reduced the sentence for the contested count to 9.6 years of incarceration, followed by 5.4 years of probation. Id. at 1210. The trial court then ran the sentence for the contested count consecutive to the sentence on another count. Id. Sands argued he had limited his request for relief to the incarceration imposed for the contested count and that, by making that sentence consecutive to another sentence and revising the probation period, the trial court was restructuring a part of the sentence that was not before the court. Id. In response, the trial court stated that “[t]he parties bargained for a cap of 24 point 6 months [sic], a cap. I was able to operate within that framework.” Id. (alterations in original).
Relying on its precedent, the Fifth District rejected the argument that the sentence not attacked by a postconviction motion cannot be restructured, and affirmed the restructuring to accomplish the goal of the plea bargain, so long as the restructuring is not vindictive. Id. at 1210-11; see also Buchanan v. State, 781 So.2d 449, 450 (Fla. 5th DCA 2001) (“A trial court can legally restructure a defendant’s sentences by changing concurrent terms to consecutive terms, as long as the new sentence is not found to be vindictive.”); Tilley v. State, 871 So.2d 294, 295 (Fla. 5th DCA 2004) (holding that a sentence can be restructured in a manner that effectuates the plea agreement). The restructured incarceration sentence was approved on appeal, but the restructured probation sentence was reversed because it exceeded the plea agreement. Sands, 899 So.2d at 1211.
Where there is a plea agreement for a cap on sentencing involving multiple charges, we agree that, when a defendant challenges a sentence on only one count, the trial court is not precluded from restructuring the sentence imposed on one or more unchallenged counts. There can be restructuring, so long as principles of double jeopardy are not violated. Florida case law recognizes the importance of plea agreements. See, e.g., Lester v. State, 15 So.3d 728, 733 (Fla. 4th DCA 2009) (Gross, C.J., concurring specially) (“Due to the crush of numbers, plea bargaining has come to be recognized as an integral component of the criminal justice system.”). It also recognizes that both sides are entitled to the benefit of their bargain. Tilley, 871 So.2d at 295. In the context of a plea bargain, to restrict resentencing to the illegal sentence on one count and ignore the aggregate effect of the reduced sentence on the remainder of the sentences, gives the defendant a greater benefit than bargained for. It provides the State less than it bargained for. And, it defeats the trial court’s effort to impose a fair and proper sentence that comports with the initial sentencing goal.
The application of the manifest injustice exception in this case comports with the harmless error analysis to be applied in analyzing rule 3.800(a) relief. See Brooks v. State, 969 So.2d 238 (Fla. 2007).
The dissent suggests, however, that since the McBride court found no manifest injustice because the defendant was serving a concurrent legal sentence of the same length for another charge, then the converse must be true. That is, if the defendant is not serving a concurrent legal sentence of the same length for another charge, manifest injustice exists. A close reading of McBride reveals the flaw in this syllogism. As the court explained, there was no manifest injustice in McBride, not *740 only because the defendant was serving a concurrent sentence of the same length, but also because the trial court could have imposed an even longer sentence for the offense upon resentencing. Id.
A review of recent cases involving rule 3.800(a) relief reflects that prevalent theme: Manifest injustice occurs only when the application of collateral estoppel would result in the defendant serving a longer illegal sentence than a restructured legal sentence imposed upon remand. See Brinson v. State, 995 So.2d 1047, 1049 (Fla. 2d DCA 2008); Allen v. State, 989 So.2d 731, 732 (Fla. 4th DCA 2008); King v. State, 974 So.2d 632, 634 (Fla. 4th DCA 2008); Morrison v. State, 932 So.2d 533, 534 (Fla. 3d DCA 2006).
Where a defendant has been sentenced on multiple charges, there must come a time in which a facially illegal sentence must stand, even under rule 3.800(a), After multiple failed attempts at l’edress, regardless of whether a concurrent legal sentence of equal length was initially imposed, the sentence should stand so long as it is legally permissible on resentencing to reimpose the same total years received, using some combination of concurrent and consecutive legal sentences.
The dissent asserts that a defendant cannot agree to an illegal sentence, even under a plea agreement, citing Williams v. State, 500 So.2d 501, 502 (Fla. 1986) and Ferguson v. State, 804 So.2d 411, 411 (Fla. 4th DCA 2001). That principle is pertinent to the threshold determination of whether a sentence is illegal. However, it is important to note that Williams and Ferguson granted rule 3.800(a) relief in situations in which there would have been a manifest injustice to deny relief because the illegal sentence improperly extended the total length of a sentence which would not have been possible if the sentence had been legally imposed. Williams, 500 So.2d at 502-03; Ferguson, 804 So.2d at 411-12.
There is no Florida case which holds that an illegal sentence under a plea agreement must be corrected, when collateral estoppel applies to bar the claim and there is no manifest injustice, because the same cumulative total term of years could be imposed on resentencing. To hold as such would be to elevate form over substance, erasing the need for justice to have finality with the passage of time, and would violate principles of harmless error and the “could-have-been” imposed test.
The dissent concludes with the statement: “a reversal for a resentencing could be as simple as a remand for restructuring; nevertheless, an illegal sentence should be made legal to prevent a manifest injustice and to preserve the integrity of judicial sentencing practices.” Resentenc-ing, however, is never “simple” for the victim or the victim’s family, particularly where the crime resulted in death or severe emotional or physical trauma. If finality means anything, it means putting an end to the reopening of old wounds. Our judicial system is not designed to achieve perfection; it is designed to achieve fairness.

Conclusion

We hold that collateral estoppel bars successive 3.800(a) motions, alleging an illegal sentence imposed on one of multiple charges pursuant to a plea agreement, where the aggregate period of incarceration can be achieved in resentencing by the imposition of legal sentences on the multiple charges, thereby avoiding any manifest injustice.
Having determined that the trial court properly decided that the defendant’s second rule 3.800(a) motion was collaterally barred as successive and there is no manifest injustice to the sentence imposed for *741 count one, we affirm the trial court’s denial of relief.

Affirmed,.

Ciklin, C.J., May, Damoorgian, Gerber, Levine, Forst, Klingensmith, and Kuntz, JJ., concur.
Warner, J., dissents with opinion, in which Gross and Taylor, JJ., concur,