659 So.2d 491 (1995)
Stevie L. FULTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1378.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
Stevie L. Fulton, Wewahitchka, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michael D. Crotty, Asst. Atty. Gen., Daytona Beach, for appellee.
*492 W. SHARP, Judge.
Fulton appeals from the summary denial of his motion filed pursuant to Rule 3.800(a), seeking jail time credit. He asserts he is entitled to 92 days of credit for time spent in jail while waiting for space to open for him in various court ordered programs (Phoenix South Drug Treatment Program) and time waiting for transfer between Orange County and Brevard County. The trial court failed to attach any records or documents showing Fulton was not entitled to the relief sought. The state agrees error occurred here.
Fulton's motion in this case is specific and legally sufficient to raise the issue of proper credit for jail time. See Sanders v. State, 579 So.2d 326 (Fla. 5th DCA 1991); Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994). Under such circumstances, the trial court should reconsider the jail credit issue, and if it concludes no additional credit is properly awardable to Fulton, it should attach those portions of the record in this case which refute his allegations. Summerall v. State, 637 So.2d 370 (Fla. 2d DCA 1994); Green v. State, 643 So.2d 120 (Fla. 2d DCA 1994). Or, if there are no available records to refute Fulton's claims, the court should hold an evidentiary hearing to sort out the truth of the matter. Small v. State, 624 So.2d 417 (Fla. 5th DCA 1993); Fla.R.App.P. 9.140(g).
REVERSED AND REMANDED.
COBB and GOSHORN, JJ., concur.