PER CURIAM.
Joseph Witchard appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Witchard claims that he is entitled to jail credit for the time that he spent in federal custody on a concurrent sentence. Although the trial court did attach portions of the record to its order summarily denying the motion, those attachments do not conclusively refute Witchard’s allegations.
The record attachments establish that the sentence is to run concurrently with federal prison time; that the trial court issued a capias on November 8, 1996; and that as of October 17, 1996, the U.S. Marshals Service had no state detainer on file for Witchard. Witchard’s sworn allegations indicate that he was arrested on the state charges on June 13, 1996; arrested on the federal charges on September 13, 1996; sentenced on the federal charges on November 15,1996; and granted a revocation of his bond for the state case on November 28, 1996, so that he could receive jail credit for his incarceration on the concurrent federal sentence.
If true, Witchard’s allegations may entitle him to relief. See Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992) (because the sentences imposed were concurrent, the defendant is entitled to credit from the time he was arrested on the Volusia County charges for the time spent in jail in Alachua County). Although the attachments to the order show that Witchard is not entitled to jail credit prior to October 18, 1996, he is requesting jail credit beginning in November 1996. Accordingly, we reverse the order of denial and remand for further proceedings. On remand, the trial court should also consider Witchard’s supplemental motion for jail credit. If the trial court again denies the request for additional jail credit, it must attach portions of the record conclusively showing that Witchard is entitled to no relief.
If Witchard seeks review of a subsequent order of the trial court, he must do so within thirty days of its rendition.
Reversed and remanded.
CAMPBELL, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.