805 So.2d 926 (2001)
Dwayne L. SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3282.
District Court of Appeal of Florida, Second District.
October 31, 2001.
*927 THREADGILL, Judge.
Dwayne L. Scott appeals the summary denial of his motion seeking additional credit for time served filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Scott alleges that he is entitled to credit for time spent in county jail after sentencing under a hold for an in-patient drug treatment program. If the facts are as alleged by Scott, we agree that he is entitled to the additional credit. Because the record attachments do not refute his claims, we reverse for further proceedings.
On November 22, 1995, Scott was sentenced on multiple cases to five years' probation with the condition that the first eighteen months be spent in an in-patient drug treatment facility run by Operation Par (hereinafter "Par"). According to Scott he remained in county jail waiting to be picked up by Par until January 18, 1996. On that date Par refused to take Scott because they learned that he had a federal hold.
Scott was arraigned that same day in federal court and then returned to Hillsborough County jail, where he alleges he was detained under both the federal hold and the Par hold. He remained in Hillsborough County jail until July 22, 1997, when he was transferred to Hernando County jail by federal authorities. His federal charges were disposed of on November 1, 1997, and he was returned to Hillsborough County jail. He was released from Hillsborough County jail on November 17, 1997, to complete his probation. He alleges that he was detained under the Par hold the entire time but was ultimately not released to Par because the eighteen months had expired.
He subsequently violated his probation and was sentenced to prison. He now seeks credit for the time spent in jail under the Par hold from November 22, 1995, until his release November 17, 1997.
The trial court denied this claim stating that the award of credit for the period in question was not within the court's province, but was rather a matter for the Department of Corrections because it represented time spent in county jail after sentencing. This is true of time spent in county jail while awaiting transportation to the Department of Corrections. See Reynolds v. State, 590 So.2d 1043 (Fla. 1st DCA 1991). That is not, however, the case here because Scott was not awaiting transportation to prison. Scott was being held pending placement in a drug treatment facility. Credit for this time is properly awarded by the trial court. Brazell v. State, 770 So.2d 189 (Fla. 2d DCA 2000); Riddle v. State, 686 So.2d 16 (Fla. 2d DCA 1996); Fulton v. State, 659 So.2d 491 (Fla. 5th DCA 1995). If, as Scott alleges, the Par hold limited his ability to be released from custody, then he may be entitled to credit for the entire time it was in place. See, e.g., Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001) (holding that a defendant who is incarcerated in one county and has a hold placed by another county is entitled to jail credit in the second county for time spent in the *928 first county from the date a detainer issues because the detainer limited the defendant's ability to be released from custody).
We note that it appears from Scott's motion that for much of the period for which he seeks credit he was being held due to both the Par hold and the federal hold. He will nevertheless be entitled to credit against his state sentence for the entire period unless the state sentence was imposed consecutively to a federal sentence against which credit for this time was awarded. See, e.g., Witchard v. State, 714 So.2d 1169 (Fla. 2d DCA 1998) (holding that defendant would be entitled to credit against his concurrent state sentence for time spent in federal prison while he was simultaneously serving a federal sentence and being detained pretrial on the open state charges); Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986) (holding that a defendant in jail for more than one charge is entitled to credit against the sentences for each of those crimes unless the sentences are imposed consecutively).
Because the record before this court does not refute Scott's claim that a Par hold was placed on him which prevented his release from custody November 22, 1995, until November 17, 1997, we reverse and remand for further proceedings. On remand the trial court must either award Scott the additional credit time he seeks or attach record documents conclusively showing that Scott is not entitled to relief. If a factual dispute arises, we note that Scott's motion met the pleading requirement of rule 3.850 and was timely under that rule, so that an evidentiary hearing may be conducted if necessary.
Reversed and remanded.
BLUE, C.J., and DAVIS, J., Concur.