ALTENBERND, Judge.
Scott T. Toto appeals a second order entered on his motion for jail credit. This court previously reversed an earlier order and remanded for further proceedings. See Toto v. State, 805 So.2d 964 (Fla. 2d DCA 2001). It is obvious from the record that we did not adequately communicate our concerns to the trial court. The second order remains defective in part, but only because our first opinion was unclear.
Case number CF99-03752 reflects that Mr. Toto was arrested on May 25, 1999. He remained in custody until sentenced on September 30, 1999. Mr. Toto received a 60-day jail sentence for a misdemeanor and a consecutive term of 2 years’ community control for a felony. Because he had already served more than 60 days in jail, he was eligible to begin the term of community control immediately.
Thirteen months later, he was arrested for a violation of his community control. He remained in custody in Polk County from November 22, 2000, until his December 7, 2000, sentencing on the violation. Mr. Toto received a sentence of 32.8 months’ imprisonment at the time of the violation. In our last opinion, we expressed concern that Mr. Toto may not have received credit on the violation for the 60 days served for the misdemeanor. That is not the case. From the record now available to this court, it is clear that the trial court at all times properly credited Mr. Toto for his stay in jail between May 25, 1999, and September 30, 1999.
The unresolved jail credit issue in this appeal concerns the period immediately following Mr. Toto’s sentence imposing community control. The trial court seems to believe that Mr. Toto was immediately released on community control on September 30,1999, and is entitled to no credit for a period of incarceration in the jail immediately thereafter. Both Mr. Toto and his lawyer contend that his community control was to be served in a treatment facility. The facility had no available space. Allegedly, Mr. Toto waited another 74 days in the Polk County Jail for space at the treatment center. This period allegedly began on September 30, 1999, and ended on or about December 12, 1999. If Mr. Toto’s allegations are correct, the Polk County Jail records should reflect his incarceration.
We agree with Mr. Toto that he is entitled to jail credit on his December 2000 sentence if he spent these 74 days in jail in the fall of 1999. See Scott v. State, 805 So.2d 926 (Fla. 2d DCA 2001). Accordingly, we reverse and remand for further proceedings as to this issue. We note that any credit Mr. Toto may ultimately receive for time spent in the Pinellas County Jail, as discussed in our last opinion, is not at issue in this appeal.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ, Concur.