839 So.2d 896 (2003)
Keith LeBLANC, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2333.
District Court of Appeal of Florida, Third District.
March 12, 2003.
Bennett H. Brummer, Public Defender and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and RAMIREZ, JJ.
SCHWARTZ, Chief Judge.
LeBlanc appeals from the denial of a motion for post-conviction relief seeking additional credit on his Monroe County sentence for the time he served in the Orange County jail from his arrest on April 14, 2002, to his transfer to Monroe County on May 21, 2002. We reverse with directions to award him credit for these 38 days.[1]
The record uncontradictedly shows that LeBlanc was arrested in Orange County at least partially on a Monroe County fugitive warrant issued in the pending charge. Even though he may also have been subject, at least part of the time, to an Orange County charge, which was dropped on May 7, 2002, the law requires he be given credit for all the time served after the execution of the Monroe County warrant. Tharpe v. State, 744 So.2d 1256 (Fla. 3d DCA 1999)(awarding jail credit against Monroe County sentence for time served in Miami-Dade County jail after issuance of Monroe County arrest warrant, even though defendant was also serving that time in Miami-Dade County jail on unrelated Miami-Dade County charges); James v. State, 721 So.2d 1265 (Fla. 3d DCA 1998)(awarding jail credit against Dade County sentence for time served in Broward County jail after issuance of Dade County arrest warrant, even though defendant was also serving that time in Broward County jail on unrelated Broward County charges); Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998)(awarding jail credit against Escambia County sentence for time served in Santa Rosa County jail after transmission of Escambia arrest warrant, even though defendant was also serving that time in Santa Rosa County jail on unrelated Santa Rosa County charges). Compare Gethers v. State, 838 So.2d 504 (Fla.2003)(different rule when prisoner subject to detainer, not arrest).
Reversed.
NOTES
[1] The defendant need not be present.