840 So.2d 468 (2003)
Steven T. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3899.
District Court of Appeal of Florida, Second District.
March 28, 2003.
FULMER, Judge.
Steven T. Young appeals the denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand because the record provided by the trial court does not refute Young's claim that he is entitled to additional jail credit.
On July 23, 1993, the trial court sentenced Young to 5.5 years in prison followed by three years' probation on one count in Manatee County case number 93-503 and one count in Manatee County case number 93-504. The trial court ordered the sentences to run concurrent with each other and awarded Young 144 days of jail credit in both cases. In 2001, Young was arrested for violating his probation, and the trial court sentenced him to seven years in prison with credit for 247 days in both cases.
In his motion, Young claims that he was arrested in Palm Beach County on October 4, 2001, on the violation of probation warrant from Manatee County and held in the Palm Beach County jail until December 21, 2001. Young claims that he was held in the Manatee County jail from December 21, 2001, until April 2, 2002, when he was sentenced on the violation of probation charges. He claims that he is entitled to additional jail credit for the time he spent in the Palm Beach County jail. The trial court denied this claim, stating that because Young had already been awarded 247 days of jail credit, he was not entitled to additional jail credit. The trial court did not explain its calculation. However, we observe that the dates Young alleges he was held in the Manatee County jail total 103 days which, if added to the original 144 days of jail credit, equals 247 days.
Nothing in the record indicates that the time Young spent in the Palm Beach County jail was calculated into the amount of jail credit awarded, and the trial court fails to address this claim for jail credit in its order denying relief. Therefore, we reverse and remand for the trial court to consider whether Young is entitled to *469 credit for the days he was held in the Palm Beach County jail. If Young was arrested on the Manatee County warrant in Palm Beach County, as opposed to being held on a detainer, he is entitled to credit for the time he spent in the Palm Beach County jail. See Gethers v. State, 838 So.2d 504 (Fla.2003). If the trial court denies Young's claim, it must attach portions of the record which demonstrate that he is not entitled to jail credit for the time he spent in the Palm Beach County jail.
Reversed and remanded.
DAVIS and CANADY, JJ., concur.