863 So.2d 1277 (2004)
Connie L. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2765.
District Court of Appeal of Florida, Second District.
January 28, 2004.
*1278 VILLANTI, Judge.
Connie L. Thomas appeals the summary denial of her motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
Thomas pleaded guilty to third-degree grand theft on February 2, 2001. She received a suspended sentence of twenty-four months in prison and an additional thirty-six months' probation. Thomas admitted to violation of her probation on May 31, 2002. She was sentenced to two years in prison. In her motion, Thomas claimed her sentence is illegal because she is entitled to additional jail credit for thirty-two days spent in the Hillsborough County jail and 135 days spent in the Pinellas and Hillsborough County jails.
The trial court concluded that Thomas was not entitled to any additional jail credit for time spent in the custody of either county. A review of the record indicates that Thomas is not entitled to additional jail credit for the thirty-two days spent in the Hillsborough County jail from January 5, 2001, through January 6, 2001, and from May 2, 2002, through May 31, 2002, because this time was included in the thirty-five days of jail credit she has already received. Thomas also is not entitled to credit for the time she spent in the Hillsborough County jail after her sentencing on May 31, 2002. See Stokes v. State, 851 So.2d 788 (Fla. 2d DCA 2003); Tomlinson v. State, 477 So.2d 30 (Fla. 2d DCA 1985).
In denying her claim for the time spent in the Pinellas County jail, the trial court asserted that Hillsborough County had placed Thomas on a detainer while she was in the Pinellas County jail from March 1, 2002, through May 1, 2002. A defendant is not entitled to jail credit for time spent on detainer in another county's jail on unrelated charges. See Gethers v. State, 838 So.2d 504 (Fla.2003). However, the record the trial court attached in support of this assertion does not clearly show Thomas was in the Pinellas County jail on a detainer. Apparently, Thomas was actually arrested in Pinellas County for violation of probation on a Hillsborough County warrant. If Thomas was arrested in Pinellas County at least partially on a Hillsborough County warrant, she is entitled to credit for the sixty-three days spent in the Pinellas County jail. See Young v. State, 840 So.2d 468 (Fla. 2d DCA 2003); LeBlanc v. State, 839 So.2d 896 (Fla. 3d DCA 2003).
Nothing in the record clearly refutes Thomas' claim that she was entitled to sixty-three days' jail credit for the time she spent in the Pinellas County jail from May 2, 2002, through May 31, 2002. Accordingly, the trial court should either award Thomas sixty-three days of jail credit or provide portions of the record that adequately reflect that Thomas is not entitled to the credit because she was on detainer while in the Pinellas County jail.
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.