880 So.2d 1265 (2004)
Lamar BEDFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-399.
District Court of Appeal of Florida, Second District.
September 1, 2004.
*1266 CANADY, Judge.
Lamar Bedford challenges the summary denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the court records demonstrate on their face that Bedford is entitled to relief, we reverse and remand.
In his motion, Bedford claimed that he is entitled to additional jail credit for fifty-seven days spent in Pinellas County jail from March 18, 1991, to May 14, 1991. See § 921.161(1), Fla. Stat. (1989) (providing that "the court imposing a sentence shall allow a defendant credit for all the time he spent in the county jail before sentence"). Bedford alleged that he was arrested in Pinellas County on a Hillsborough County warrant for the pertinent offense and attached the arrest affidavit from Pinellas County, dated March 18, 1991. In the section where Bedford's offenses should have been listed, there was stamped, "Hills. Co. Arrest on Warrant/Capias 914118." The Hillsborough County lower court case number in this case is 91-4118.
In denying his claim, the trial court found that Bedford was not entitled to relief because the Florida Supreme Court in Gethers v. State, 838 So.2d 504 (Fla.2003), held that a defendant is not entitled to credit from the date a detainer is placed on him. We conclude, however, that the principle articulated in Gethers is inapplicable here because the record demonstrates that Bedford was held in Pinellas County, not on a detainer but pursuant to his arrest for the pertinent offenses, and that Bedford is therefore entitled to relief.
The trial court determined that Bedford was not arrested on the Hillsborough County charge in Pinellas County until May 14, 1991, and attached the criminal report affidavit as documentation. The affidavit does contain a notation that Bedford's arrest date was May 14, 1991. The trial court also attached the Case Progress Abstract. The May 14, 1991, entry states, "Arrested: Booking # changed from out of co to XXXXXXXXX." However, the March 18, 1991, entries state, "Affidavit Filed: Warrant Issued," and "Arrested: Booking # changed from clerk to out of co." These recordstogether with the Pinellas County arrest affidavitdemonstrate on their face that Bedford was in the Pinellas County jail after being arrested for the pertinent offense in Pinellas County on March 18, 1991, and that the notation in the criminal report affidavit concerning his "arrest" on May 14, 1991, is a reference to the date of his transfer from custody in Pinellas County to custody in Hillsborough County.
*1267 We therefore remand for the trial court to award Bedford fifty-seven days of jail credit for the time he spent in the Pinellas County jail.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.