884 So.2d 1072 (2004)
Gamalier BONILLA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1915.
District Court of Appeal of Florida, Fifth District.
October 15, 2004.
Gamalier Bonilla, Bowling Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
*1073 SAWAYA, C.J.
Gamalier Bonilla appeals the summary denial of two motions he filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. He is entitled to relief here and is probably entitled to jail credit below. We leave the exact calculations to the trial court.
For an Orange County crime, Bonilla served time with the Department of Corrections, then was placed on probation in 1996. A violation of probation was issued in 1997, but Bonilla remained at liberty until he was arrested in Seminole County on December 2, 2002, for driving offenses, including DUI. On December 3, 2002, Bonilla was released on his own recognizance for the Seminole County charges, but he remained detained in the Seminole County jail on "hold" because of the Orange County violation of probation warrant. Seminole County held Bonilla until January 25, 2003, when Bonilla was transferred to the custody of Orange County. Bonilla was found to have violated probation and was resentenced March 28, 2003, in Orange County to more prison time, with jail credit for the 63 days he had actually spent in the Orange County jail awaiting resentencing. He received probation for the traffic charges in Seminole County, to run consecutively to his Orange County sentence.
On appeal, Bonilla claims he is entitled to credit for the additional days that he spent in the Seminole County jail before he was physically transferred to Orange County. Bonilla argues that he would have been at liberty if not for the Orange County hold for violating probation. The trial court denied his request for relief on the basis of Gethers v. State, 838 So.2d 504 (Fla.2003), a recent Florida Supreme Court decision that upheld this court's earlier decision in Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992) (holding that a prisoner was only entitled to jail-time credit from the date that he was served with an arrest warrant on the other county's charges, not from the date the county filed a detainer or hold against him).
In so ruling, the trial court overlooked an exception in Gethers that applies in Bonilla's case: "Only if the prisoner is subject to release but is being held because a detainer has been lodged can it be said that the prisoner is in custody pursuant to the detainer." Gethers, 838 So.2d at 507. Consequently, the law requires that the Orange County trial court peruse the Seminole County jail records to calculate Bonilla's proper amount of credit for time served. Accordingly, we reverse the sentence and remand for further proceedings.
REVERSED and REMANDED.
THOMPSON and ORFINGER, JJ., concur.