889 So.2d 931 (2004)
Jeff Clifton LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2744.
District Court of Appeal of Florida, Second District.
December 17, 2004.
*932 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Jeff Clifton Lowe appeals an order revoking his community control. Mr. Lowe was placed on community control for driving while license suspended as a habitual traffic offender. At the revocation hearing, the State did not present any evidence to support its allegations that Mr. Lowe violated condition one of the terms of his community control by filing a false report to his probation officer, or that he violated condition twelve by being absent from his approved residence without permission. These two violations should be stricken from the order revoking community control. Nevertheless, there was competent, substantial evidence to support the trial court's finding that Mr. Lowe had committed a new law violation, and it is clear the trial court would have revoked Mr. Lowe's community control and imposed the same sentence based solely upon this substantive violation. We therefore affirm the remaining provisions of the order revoking community control.
Mr. Lowe's attorney filed an Anders[1] brief in this case. In response, Mr. Lowe filed a supplemental pro se brief regarding two issues that cannot properly be addressed in this appeal. First, while this appeal was pending, Mr. Lowe attempted to obtain jail credit for time he spent in the Hillsborough County Jail prior to the revocation of community control hearing in Charlotte County. The trial court did not address the merits of the motion. We do not comment on the merits of Mr. Lowe's claim for jail credit because the claim will require evidence that is not present in our record. See Bedford v. State, 880 So.2d 1265 (Fla. 2d DCA 2004) (explaining circumstances under which defendant may receive jail credit for time *933 spent in the jail of a county other than the county where the defendant was sentenced). Our affirmance is without prejudice to Mr. Lowe's right to file a timely, appropriate postconviction motion seeking this credit. Such a motion should not be denied as successive.
Mr. Lowe also indicated in his briefing that one of his three prior convictions for driving while license suspended has recently been vacated and the State has filed a notice of nolle prosequi on the charge. Mr. Lowe argues that without this prior offense he could not have been designated as a habitual traffic offender for the purposes of committing the third-degree felony offense of driving while license suspended as a habitual traffic offender. See §§ 322.264(1)(d), .34(5), Fla. Stat. (1999). This issue cannot properly be raised in this appeal of the order revoking community control. If Mr. Lowe has a claim for relief, he must file an appropriate, timely postconviction motion addressing this issue. Again, we do not comment on the merits of such a claim or whether it may be timely filed.
We therefore affirm the revocation of Mr. Lowe's community control but remand for the trial court to strike the portion of the order stating that Mr. Lowe violated conditions one and twelve. Our affirmance is without prejudice to any right Mr. Lowe may have to seek postconviction relief to set aside his judgment and sentence or for appropriate jail credit.
Affirmed with instructions.
CASANUEVA, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).