SILBERMAN, Judge.
 

 Steven L. Howard appeals from a final order denying his motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings because Howard is entitled to additional jail credit.
 

 Howard was adjudicated guilty of forgery, uttering a forged instrument, and petit theft in Polk County on February 18, 2003, and was placed on probation. He violated his probation on several occasions, resulting in multiple modifications of probation. On November 14, 2005, his probation was modified to include completion of the Bridges of America Program. On June 6, 2008, Howard’s probation was revoked and he was sentenced to fifty months in prison. At that time Howard was also serving a sentence in Broward County, and the Polk County sentence was ordered to run concurrently with the Bro-ward sentence.
 

 Howard’s motion requested jail credit for time served. The postconviction court granted him 282 days of jail credit but denied the motion as it related to two
 
 *1274
 
 periods of incarceration for which he claims entitlement to credit.
 

 I. TIME SERVED WHILE AWAITING PLACEMENT IN BRIDGES PROGRAM
 

 The first time period at issue is November 14, 2005, to January 4, 2006, during which Howard was allegedly confined in jail awaiting placement in the Bridges Program. As a threshold issue, the postconviction court found that it did not have jurisdiction to award Howard jail credit because the time was served after Howard’s original sentence of probation and therefore was, the court reasoned, post-sentence credit under the jurisdiction of the Department of Corrections. However, the postconviction court
 
 did
 
 have jurisdiction to grant the credit because Howard was not awaiting transportation to the Department of Corrections.
 
 See Scott v. State,
 
 805 So.2d 926, 927 (Fla. 2d DCA
 
 2001)
 
 (holding that the trial court had jurisdiction to award jail credit where the defendant who violated probation spent time in county jail awaiting placement in a rehabilitative program as opposed to placement with the Department of Corrections).
 

 Given that the circuit court had jurisdiction to decide the issue of jail credit, the next question is whether the court should have found that Howard was entitled to jail credit for this period. In finding that Howard was not entitled to credit, the court pointed to the order modifying Howard’s probation on November 14, 2005, as the end of jail time served for that particular period. The modification order shows that Howard was ordered to remain in jail until he was placed in the Bridges Program. Howard now claims that he was not placed in the Bridges Program until January 4, 2006. If Howard was serving time in jail during the period from November 14, 2005, to January 4, 2006, then he is entitled to jail credit for that time.
 
 See
 
 § 921.161(1), Fla. Stat. (2005);
 
 Scott,
 
 805 So.2d at 927 (remanding for determination of jail credit where a defendant who violated probation spent time in county jail awaiting placement in a rehabilitative program).
 

 II. TIME SERVED IN BROWARD COUNTY JAIL
 

 The second time period at issue is December 20, 2007, to June 6, 2008, during which Howard served time in Broward County Jail. Howard’s Polk County and Broward County sentences were ordered to run concurrently. The postconviction court denied Howard jail credit for this second time period, reasoning that because Howard was serving time in Broward County Jail for charges stemming out of that county and a Polk County warrant was not served on him in Broward until May 5, 2008, Howard was not entitled to credit for the time served in Broward County before the Polk County warrant was served. Howard argues that he was in fact arrested on December 20, 2007, in Broward County on a Polk County warrant and that the May 5, 2008, transmission of the warrant is irrelevant.
 

 A defendant is not entitled to out-of-county jail credit for time served on unrelated charges absent the execution of a warrant from the charging county.
 
 Gethers v. State,
 
 838 So.2d 504, 507-08 (Fla.2003). However, when a defendant is actually arrested in the other county on charges stemming from the original county, he is entitled to jail credit for the time served in the other county.
 
 Bedford v. State,
 
 880 So.2d 1265, 1266 (Fla. 2d DCA 2004) (concluding that
 
 Gethers
 
 does not apply where the record shows that the defendant was held in another county “not on a detainer but pursuant to his arrest for the pertinent offenses” and holding that the defendant was entitled to credit for time served in the other county);
 
 Thomas v. State,
 
 863 So.2d 1277, 1278 (Fla. 2d DCA
 
 *1275
 
 2004) (stating that a defendant arrested in another county at least partially on the original county’s warrant is entitled to jail credit for the time served in the other county). Here, Broward County’s event report documenting Howard’s arrest on December 20, 2007, indicates that Howard was arrested and held without bond for violating probation on the Polk County sentence for forgery. The document also includes the Polk County case number. Because the record shows that Howard was arrested and held in Broward County for violating his Polk County probation, he is entitled to credit for the time served in Broward County Jail.
 

 Accordingly, we reverse and remand for further proceedings to determine the amount of credit — if any — Howard accumulated while he was in jail awaiting placement in the Bridges Program and to award credit for time the postconviction court determines Howard served in Bro-ward County Jail, beginning December 20, 2007.
 

 Reversed and remanded for further proceedings.
 

 NORTHCUTT, J., and FULMER, CAROLYN K., Senior Judge, Concur.