SILBERMAN, Chief Judge.
 

 Freddie L. Solomon appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Solomon claimed that he was entitled to additional jail credit on a Polk County sentence for time spent in custody in Calhoun County. We reverse because the attachments to the postconviction court’s order do not conclusively refute his claim.
 

 In February 2009, Solomon admitted to a violation of probation (VOP) in two cases, and a Polk County court sentenced him to fifty-five months in prison concurrent with each other and with any other sentence being served. Solomon’s judgment and sentence reflects that he was awarded 283 days of jail credit, and a postconviction court subsequently awarded him an additional 91 days of credit under Florida Rule of Criminal Procedure 3.800(a). In his rule 3.850 motion, he claimed that he was entitled to an additional 170 days of jail credit for time spent in custody in Calhoun County from March 9, 2008, to August 25, 2008.
 

 Solomon’s rule 3.850 motion asserted several arguments in support of his claim. First, Solomon asserted that he was entitled to the jail credit because he was arrested in Calhoun County based on a warrant for the VOP in Polk County. Solomon attached a March 9, 2008, Calhoun County arrest affidavit that reflects active warrants in Polk County for Solomon’s VOP and includes the VOP among the list of charges. Second, Solomon contended that he was precluded from posting bond in Calhoun County because of a detainer that had been lodged in Polk
 
 *397
 
 County. Solomon attached an order from his first appearance which contains a handwritten notation, “Hold for Polk Co.” Finally, Solomon asserted that the Polk County court that sentenced him for the VOP had, by oral pronouncement, awarded him jail credit for his time spent in custody in Calhoun County. Although his written sentence does not reflect this jail credit award, Solomon asserted that the sentencing court’s oral pronouncement should control. Solomon attached an excerpt of the VOP proceeding transcript in which the court discussed his request for credit for time served.
 

 The postconviction court rejected Solomon’s first argument based on its determination that, under
 
 Gethers v. State,
 
 838 So.2d 504, 506 (Fla.2003), Solomon was not entitled to jail credit for the time he served in Calhoun County until the Polk County arrest warrant was served on him on August 26, 2008. The court attached the Polk County booking sheet, which was dated August 26, 2008, as evidence of the date the warrant was served. Although not specifically stated in the court’s order, it appears that the court rejected Solomon’s second argument, concerning posting a bond, for the same reason.
 

 The postconviction court rejected Solomon’s third argument based on its determination that the sentencing court had stated that it was awarding Solomon only the jail credit for the time he served in Calhoun County after the Polk County warrant was served. The postconviction court explained that the sentencing court had relied on Solomon’s representations that he had been served with the Polk County warrant while in jail in Calhoun County and was awaiting transfer to Polk County. The postconviction court determined that, because the warrant was not actually served until August 26, 2008, Solomon’s written sentence properly did not award him credit prior to that date.
 

 If a defendant is actually arrested in one county based upon an arrest warrant issued by another county, the defendant is entitled to credit for time served in the county where he was arrested.
 
 Howard v. State,
 
 23 So.3d 1273, 1274 (Fla. 2d DCA 2010);
 
 Bedford v. State,
 
 880 So.2d 1265, 1266 (Fla. 2d DCA 2004);
 
 Thomas v. State,
 
 863 So.2d 1277, 1278 (Fla. 2d DCA 2004). In this case, Solomon alleged that he was arrested in Calhoun County on the Polk County VOP warrant. In support of that allegation, he presented the Calhoun County arrest affidavit which seems to reflect that Solomon was actually arrested in Calhoun County on March 9, 2008, on the Polk County VOP charges in addition to the Calhoun County charges. The Polk County booking sheet that the postconviction court attached to its order denying relief does not conclusively refute this.
 

 Additionally, the postconviction court’s reliance on
 
 Gethers
 
 to deny relief on this claim is misplaced. In
 
 Gethers,
 
 the supreme court addressed whether “a defendant who is in jail in a specific county pursuant to an arrest on one or more charges” is entitled to “credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.” 838 So.2d at 505. The court recognized that it had previously held that a defendant is entitled to jail credit for the time he was incarcerated in one county when a warrant for different offenses had been issued and served by another county during his period of incarceration.
 
 Id.
 
 at 506 (citing
 
 Daniels v. State,
 
 491 So.2d 543 (Fla.1986)). The court declined to extend that holding to cases in which only a detainer had been lodged because a detainer is a request to hold a defendant and, unlike an arrest warrant, is not a definitive mandate to do so.
 
 Id.
 
 at 507. Under those circumstances, a defendant is not in custody be
 
 *398
 
 cause of the detainer. However, the court provided an exception for cases in which the defendant was subject to release from jail but was being held because a detainer from a different county had been lodged against him.
 
 See id.; see also Bonilla v. State,
 
 884 So.2d 1072, 1073 (Fla. 5th DCA 2004).
 

 In this case, Solomon alleged that he was being held in Calhoun County based on a Polk County detainer that had been lodged against him. Solomon presented a Calhoun County first appearance order which supports this allegation. If Solomon would have been released from jail in Calhoun County but for the Polk County de-tainer, he would be entitled to credit for time served.
 

 Thus, Solomon would be entitled to credit for time served if he was, in fact, actually arrested on the Polk County VOP warrant in Calhoun County. He would also be entitled to credit if he would have been released from jail in Calhoun County but for a Polk County detainer. Accordingly, we reverse the denial of Solomon’s claim and, as to Solomon’s first two arguments, remand for the postconviction court to either attach portions of the record conclusively refuting Solomon’s claim or to conduct an evidentiary hearing on the issue.
 

 Regarding Solomon’s third argument, the record reflects that the sentencing court intended to award Solomon the jail credit to which he was legally entitled. Because this portion of Solomon’s claim is legally interlocked with the rest of his claim, the trial court will need to reconsider it on remand.
 

 Reversed and remanded.
 

 WHATLEY and LAROSE, JJ., Concur.