PER CURIAM.
Appellant, Eddie L. Darby, appeals the order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We reverse.
Appellant was originally charged by information with one count of driving while license suspended with two prior convictions. Appellant entered a negotiated plea of nolo contendere as charged, and was sentenced to two days in the Orange County Jail with credit for two days time served, followed by six months of community control which was to be followed by twelve months of probation. Appellant did not appeal the judgment, sentence, order of community control, or order of probation.
On August 25, 2010, Appellant, through counsel, filed a motion to modify sentence and on December 28, 2010, his community control was terminated and Appellant was placed on thirteen months of probation. Appellant violated probation, and on October 6, 2011, his probation was revoked and he was sentenced to fifty-two months of incarceration in the Department of Corrections with credit for 159 days time served.
Appellant contends he is entitled to additional jail credit for time served in Seminole County Jail awaiting transport to Orange County. Specifically, while on probation in this case, he was arrested on April 25, 2011, in Seminole County for an unrelated offense [driving with a suspended license and driving with unsafe/faulty equipment]. For that case, Appellant was granted a bond, which he states was posted; however, Seminole County continued to hold him on the Orange County violation of probation warrant for several days. Then, on May 3, 2011, Appellant was transported to Orange County on the violation of probation. Appellant complains that he was not credited for the time spent in Seminole County Jail after he bonded out until he was transported to Orange County, a total of eight days.
The fact that Appellant bonded out in the Seminole case and was not released, but rather held in this case, would entitle Appellant to relief as argued. Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001); Bonilla v. State, 884 So.2d 1072 (Fla. 5th DCA 2004) (that defendant was in custody pursuant to detainer of another county after he was subject to release on charges on which he had originally been arrested, was in custody pursuant to detainer, for purposes of determining subsequent credit against sentence for time served to which detainee was entitled). In light of Bonilla, the State was ordered to respond. They agree in their response that Appellant is entitled to additional credit. We reverse on this issue and remand for addition of the eight days of credit.
REVERSED and REMANDED.
TORPY, C.J., GRIFFIN and BERGER, JJ., concur.