SILBERMAN, Judge.
Dujuan Jermaine Staley seeks review of the sentence imposed in Collier County after he entered a guilty plea to the charge of driving while license suspended as a habitual offender. Staley argues that the trial court erred in denying him jail credit from the time he was arrested on the Collier County charge in Miami to the time he was sentenced in Collier County. We agree and reverse.
In November 2010, Staley was charged in Collier County Circuit Court case number 10-CF-2478 with driving while license suspended as a habitual offender (DWLSR). Staley failed to appear in court on the charge, and the circuit court issued a bench warrant for failure to appear (FTA) on January 10, 2011. On January 24, 2011, Staley was arrested in Miami-Dade County and the Miami Police Department issued a “Complaint/Arrest Affidavit” which stated in the “violation of law” section that Staley was wanted in Collier County because an arrest warrant had been issued in case number 10-CF-2478 for “FTA/DWLS.”
Staley was transferred to the Pinellas County jail and held based on a warrant for unrelated drug charges. After he entered a plea to those charges, he was *876 transferred to the Collier County jail to await proceedings in case number 10-CF-2478. On March 28, 2012, he was served there with the bench warrant in case number 10-CF-2478. The form reflecting the date of service indicates that Staley also had an active warrant in Dade County for a DUI. The form reflects that the arresting officer also served Staley with “a teletype hold for Dade County.”
Staley entered a plea to the charge in case number 10-CF-2478 on August 6, 2012. He requested 561 days of jail credit to be calculated from the January 24, 2011, date of his arrest in Miami-Dade County. The court denied the request and awarded 135 days of jail credit calculated from March 28, 2012, the date Staley was served with the bench warrant in Collier County jail.
Staley filed a motion to correct sentencing error with the trial court and raised the jail credit issue. The court issued an order denying the request for additional jail credit. The court concluded that Sta-ley was not entitled to credit for the time served in Miami-Dade County because the “Complaint/Arrest Affidavit” issued by the Miami Police Department was a detainer notification and not an arrest warrant. In so ruling, the court relied on the supreme court’s decision in Gethers v. State, 838 So.2d 504 (Fla.2003).
On appeal, Staley argues that the trial court misconstrued the “Complaint/Arrest Affidavit” as a detainer notification instead of an arrest warrant. He claims that he is therefore entitled to credit under Gethers. The State argues that Staley is not entitled to relief under Gethers because the “Complaint/Arrest Affidavit” was merely a detainer.
In Gethers, the supreme court held
that absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.
838 So.2d at 505. The court also recognized an exception to this rule when a defendant incarcerated in another county “is subject to release but is being held because a detainer has been lodged.” Id. at 507. And the court provided guidance for determining whether the defendant was being held pursuant to an executed warrant or a detainer. See id.
The question presented to the trial court in this case was whether the “Complaint/Arrest Affidavit” issued in Miami-Dade County constitutes an arrest warrant or a detainer under Gethers. But the parties have missed the mark by focusing on Gethers. Gethers does not apply when a defendant is arrested in another county on the original county’s warrant. Solomon v. State, 69 So.3d 396, 397 (Fla. 2d DCA 2011); Bedford v. State, 880 So.2d 1265, 1266 (Fla. 2d DCA 2004).
Bedford is directly on point. There, the defendant filed a postconviction motion for jail credit in a Hillsborough County case. 880 So.2d at 1266. The defendant asserted that he was entitled to credit from the date he was arrested in Pinellas County pursuant to a Hillsborough County warrant. Instead, he was only granted jail credit from the date he was transferred to Hillsborough County. The trial court denied relief based on its conclusion that, under Gethers, the defendant was not entitled to credit because he was being held in Pinellas County pursuant to a detainer. Id.
On appeal, this court determined that “the principle articulated in Gethers is inapplicable here because the record demonstrates that [the defendant] was held in Pinellas County, not on a detainer but pursuant to his arrest for the pertinent offenses.” Id. Thus, we determined that *877 the defendant was entitled to the jail credit he requested. Id. at 1267; see also Howard v. State, 23 So.3d 1273, 1274 (Fla. 2d DCA 2010) (“[W]hen a defendant is actually arrested in the other county on charges stemming from the original county, he is entitled to jail credit for the time served in the other .county”).
In this case the “Complaint/Arrest Affidavit” stated in the “violation of law” section that Staley was a fugitive wanted in Collier County based on an arrest warrant that had been issued in case number 10-CF-2478 for “FTA/DWLS.” This document specifically reflects that Staley was arrested in Miami-Dade County based on the fugitive warrant from Collier County. See Howard, 23 So.3d at 1275 (construing a Broward County event report as indicating that the defendant was arrested for violating probation on a Polk County case). And the authenticity of this document is not in question because Staley entered it in evidence at sentencing without objection.
While it is certainly possible that Staley was also arrested for a new violation of law committed in Miami, Staley was entitled to jail credit from the date of his arrest in Miami-Dade County as long as he was arrested at least in part on the Collier County warrant. See Thomas v. State, 863 So.2d 1277, 1278 (Fla. 2d DCA 2004). Further, nothing in our record indicates that Staley’s arrest in Miami was related to any other violation. Accordingly, the trial court erred in denying Staley’s request for additional jail credit in the motion to correct sentencing error.
Reversed.
NORTHCUTT and CRENSHAW, JJ., Concur.