CASANUEVA, Judge.
Martin Calderon filed a motion under Florida Rule of Criminal Procedure 3.800(a) seeking jail credit and prison credit for forfeited gain time. The postconvietion court dismissed the motion, finding that Mr. Calderon should have raised his claims under rule 3.801 but concluding that such a motion would have been untimely. We reverse and remand for further proceedings.
The postconviction court’s order presents two problems. First, Mr. Calderon’s claim that he was entitled to credit “for gain time that he earned during his seventy-eight month term of imprisonment” is clearly not a jail credit claim but a claim for time served in prison. Rule 3.801(a) specifies that the rule applies only to claims for credit for time “spent in the county jail before sentencing as provided in section 921.161, Florida Statutes.” Accordingly, the postconviction court should have considered this claim of illegal sentence under rule 3.800, and we remand for it to do so.
Second, Mr. Calderon’s motion is not untimely under rule 3.801(b), although it appeared to be so at the time the post-conviction court entered its order. Mr. Calderon’s sentence became final on March 30, 2012, well before rule 3.801 went into effect on July 1, 2013, and over a year before Mr. Calderon filed his motion on September 10, 2013. Rule 3.801, when originally enacted, included a blanket time limit of one year to file a motion after the sentence becomes final. But on December 5, 2013, the supreme court revised the rule, nunc pro tunc, to include a one-year grace period for defendants whose sentences became final before July 1, 2013, so those in Mr. Calderon’s situation would *590 have until July 1, 2014, to file a motion for correction of jail credit. See In re Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure, 132 So.3d 734 (Fla.2013). Thus, Mr. Calderon is not yet foreclosed from seeking-relief under this rule.
However, as the postconviction court correctly noted, Mr. Calderon’s motion was not facially sufficient to be considered under rule 3.801 in any event. Accordingly, on remand, Mr. Calderon shall be permitted to file a motion, under oath, that includes the content required by rule 3.801(c), on or before July 1, 2014.
Reversed and remanded for partial reconsideration under rule 3.800 without prejudice for Mr. Calderon to file a timely rule 3.801 motion.
WALLACE and CRENSHAW, JJ., Concur.