NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHELE GIBBS,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D14-5569
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed September 25, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Michael F. Andrews,
Judge.


PER CURIAM.

            Michele Gibbs appeals the order partially granting her motion for jail credit

filed under Florida Rule of Criminal Procedure 3.801.  We affirm the order in part,

reverse the order in part, and remand for further proceedings.

            Ms. Gibbs pleaded guilty to fifteen counts of criminal use of personal

identification information, and the trial court sentenced her to concurrent terms of 50.85

months' imprisonment with 44 days' credit for jail time served prior to sentencing.  The

sentencing order states that the concurrent terms of 50.85 months' imprisonment are to

run concurrently with "any other sentence."

Ms. Gibbs filed a timely motion for jail credit, contending that she is entitled to an additional 174 days' credit for jail time served from May 1, 2013, the date she was arrested by the Hillsborough County Sheriff on the warrant issued by Pinellas County in case number 13-CF-7631, until October 22, 2013, when she was transferred to Pinellas County for proceedings in that case. She also claimed that because of the Pinellas County warrant, she was placed on a "no bond" hold for Pinellas County and that she would have been eligible for bond on her Hillsborough County charges but for the no-bond hold. Finally, she alleged that she did not waive the credit. Ms. Gibbs attached to her motion a Hillsborough County Sheriff's Office Detention Services Arrest Report, which reflects that she was arrested on May 1, 2013, for a warrant issued on a charge of fraudulent use of personal identification and two counts of uttering a forged instrument. It shows that she was "held" for Pinellas County. On May 2, 2013, she was arrested for several drug-related offenses in Hillsborough County.

The postconviction court ordered the State to respond to Ms. Gibbs' motion. Although the State responded that Ms. Gibbs "was arrested on the Pinellas County warrant on May 1, 2013, and the Hillsborough County charges were not added until May 2, 2013," the State contended that because Ms. Gibbs "was being held in Hillsborough County Jail on charges for Hillsborough County, no jail credit needs to be awarded by Pinellas County." However, the State conceded that Ms. Gibbs is entitled to credit for jail time served on May 1, 2013. The State attached to its response a Hillsborough County Sheriff's Office online arrest inquiry that reflects that Ms. Gibbs was arrested on May 1, 2013, on a warrant issued on a charge of fraudulent use of identification. There is a hand-written notation: "ours." It also shows that Ms. Gibbs

- 2 -

was held in custody for 174 days on that charge. Other drug-related charges show an arrest date of May 2, 2013, and contain a handwritten notation: "Hills Co." The State also attached a case summary docket for the Hillsborough County case. There is a notation that on May 28, 2013, Ms. Gibbs was "in Pinellas Cnty Jail w/pending felony case. [sic] state to writ."

The postconviction court adopted the State's argument and found that Ms. Gibbs was jailed in Hillsborough County on Hillsborough County charges and held pursuant to a detainer in the Pinellas County case. The court found that the arrest affidavit issued in Pinellas County case number 13-CF-7631 conclusively refuted Ms. Gibbs' claim because it showed that she "was not formally arrested on the warrant in this case until October 22, 2013." This document was only partially filled out on October 22, 2013, and the arrest date is not listed. The postconviction court ruled that it would grant Ms. Gibbs credit for jail time served on May 1, 2013, "the date she was taken into custody in Hillsborough County on the Pinellas County warrant and prior to the filing of the Hillsborough County charges on May 2, 2013."

In Gethers v. State, 838 So. 2d 504 (Fla. 2003), the supreme court distinguished cases in which a warrant had been executed from those in which a detainer was lodged by a prosecutor or law enforcement agency.

> An arrest warrant is a formal, definitive, and mandatory document, whereas the detainer is the transmission of information and a request to hold a person or notify the requesting authority of the prisoner's imminent release. Therefore, when a defendant is serving time in jail on one charge and a separate jurisdiction issues a detainer for another charge, there is no formal, definitive mandate to hold the defendant in relation to the detainer. Generally, under such circumstances, a prisoner is not in custody pursuant to the detainer. Only if the prisoner is subject to release but is

being held because a detainer has been lodged can it be said that the prisoner is in custody pursuant to the detainer.

Id. at 507. When a defendant is actually arrested in one county on an arrest warrant issued by another county, the defendant is entitled to credit for jail time served in the county of arrest. Solomon v. State, 69 So. 3d 396, 397 (Fla. 2d DCA 2011) ("If a defendant is actually arrested in one county based upon an arrest warrant issued by another county, the defendant is entitled to credit for time served in the county where he was arrested."); Howard v. State, 23 So. 3d 1273, 1274 (Fla. 2d DCA 2010) ("[W]hen a defendant is actually arrested in the other county on charges stemming from the original county, he is entitled to jail credit for the time served in the other county."). But when a defendant also faces charges in the county of arrest, he or she is entitled to credit for jail time served in the county of arrest against the sentence imposed in the other county only when the trial court orders the sentence to run concurrently with any sentence imposed in the county of arrest. See Ransone v. State, 48 So. 3d 692, 694 (Fla. 2010) (holding that when a defendant is arrested for multiple unrelated offenses, jail time is credited toward all concurrent sentences, "but when a defendant does not receive concurrent sentences, jail time may be credited toward only one sentence").

The records attached by the State and the postconviction court reflect that Ms. Gibbs was arrested on the Pinellas County charges on May 1, 2013, and that she was held on those charges for 174 days before she was transferred to Pinellas County. The records also show that the Pinellas County Circuit Court ordered Ms. Gibbs' sentences to run concurrently with "any other sentence." Accordingly, the records attached by the trial court support Ms. Gibbs' claim that she is entitled to an additional 173 days' credit for jail time served.

- 4 -

Florida Rule of Criminal Procedure 3.801(e), which incorporates rule 3.850(f), required the postconviction court to attach to its order records that conclusively refute Ms. Gibbs' claims. See Fla. R. Crim. P. 3.850(f)(5) ("If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order."). Because the records attached to the postconviction court's order do not refute Ms. Gibbs' claim that she is entitled to an additional 173 days' credit for jail time served prior to sentencing, we reverse that portion of the postconviction court's order that denied Ms. Gibbs the 173 days' credit for jail time served and remand for further proceedings.

Affirmed in part; reversed in part; remanded.

CASANUEVA, CRENSHAW, and SLEET, JJ., Concur.