NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JONTREL CURTIS,                    )
                                   )
         Appellant,                )
                                   )
v.                                 )          Case No. 2D15-4112
                                   )
STATE OF FLORIDA,                  )
                                   )
         Appellee.                 )
_____)

Opinion filed July 22, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; J. Dale Durrance, Judge.

Jontrel Curtis, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

        Jontrel Curtis appeals the order granting in part and denying in part his

Motion to Correct Sentence/Credit for Time Served filed under Florida Rule of Criminal

Procedure 3.801.  We affirm the postconviction court's determination of the amount of

presentence jail credit but reverse as to the court's failure to award credit for prison time

and remand for further proceedings.

Mr. Curtis pleaded guilty to one count of scheme to defraud (count one), four counts of grand theft (counts three, four, five, and seven), and two counts of burglary of a dwelling (counts six and eight). The trial court sentenced him on each count to concurrent terms of forty-eight months' imprisonment followed by twenty-four months' probation. Shortly after he was released from prison, the trial court found that Mr. Curtis violated the terms of his probation, revoked his probation, and resentenced him to terms of sixty months' imprisonment for each offense. The court fashioned the sentences imposed on the revocation of his probation to total ten years' imprisonment: counts three, four, and five run concurrently with count one; count six runs consecutively to count one; and counts seven and eight run concurrently with count six. The trial court awarded Mr. Curtis seventy-nine days' credit for jail time served between the date of his arrest for violating the terms of his probation and the date he was resentenced.

In his rule 3.801 motion, Mr. Curtis asserted that he had not been awarded credit for all of the jail and prison time to which he was entitled. The postconviction court granted Mr. Curtis's motion in part, awarding him one additional day of credit for jail time served between the date of his original arrest and the date of sentencing following his conviction and one additional day of credit for jail time served between the date of his arrest for violating his probation and the date of resentencing. However, the postconviction court did not address Mr. Curtis's claim that he was entitled to credit for prison time served before he was released on probation.

On appeal, Mr. Curtis argues that the court erred in not considering and granting his request for credit for time served in prison. We recognize that Mr. Curtis

sought prison credit under the wrong rule of criminal procedure. Rule 3.801 provides for the correction of a sentence that fails to award a defendant credit for time the defendant spent in jail prior to sentencing; it does not provide for the correction of prison credit. Instead, a claim for credit for prison time is properly raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). See Calderon v. State, 138 So. 3d 589, 589 (Fla. 2d DCA 2014). However, when a movant files a properly pleaded postconviction claim but incorrectly styles the postconviction motion in which it is raised, the postconviction court must treat the claim as if it had been filed in an appropriately styled motion. See Gill v. State, 829 So. 2d 299, 300 (Fla. 2d DCA 2002). To the extent the postconviction court declined to consider Mr. Curtis's properly pleaded claim for prison credit because it was incorrectly styled, this was error.

Thus, we reverse as to the court's failure to award credit for prison time and remand for reconsideration on the merits. We note that the State acknowledges that Mr. Curtis is entitled to credit for prison time served before he was released on probation. See State v. Rabedeau, 2 So. 3d 191, 193 (Fla. 2009) ("[I]f multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions."). As to the amount of jail credit awarded, we affirm but observe that Mr. Curtis's judgment and sentence, which was attached to the postconviction court's order, does not properly reflect the original award of seventy-nine days of credit. Although the trial court checked the paragraph awarding jail credit and indicated that it was awarding seventy-nine days, the court did not fill out the space indicating on which counts this credit was being awarded.

Affirmed in part, reversed in part, and remanded.


WALLACE and SLEET, JJ., Concur.