NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ELTON BOLDUC,                      )
                                   )
          Appellant,               )
                                   )
v.                                 )      Case No. 2D17-2767
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____    )


Opinion filed July 13, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Nancy Moate Ley,
Judge.


NORTHCUTT, Judge.

          Elton Bolduc filed a timely motion for correction of jail credit pursuant to

Florida Rule of Criminal Procedure 3.801.  The postconviction court summarily denied

the motion, but it did not attach portions of court records conclusively refuting Bolduc's

jail credit claim as required by rule 3.801(e).  Thus, we reverse and remand for further

proceedings on that claim.  In the same motion, Bolduc also alleged that he was entitled

to prison credit.  The postconviction court should have treated the prison credit claim as

filed pursuant to rule 3.800(a), and we reverse and remand for further proceedings on that claim, as well.

Bolduc requested an award of credit for time he spent in the Marion County Jail and the Department of Corrections (DOC) before returning to Pinellas County to stand trial on attempted murder charges. He alleged that on October 10, 2011, he was detained in Marion County for offenses committed therein and that the Pinellas County warrant was executed the next day. Bolduc claimed that he was later sentenced to prison on the Marion County charges and then transferred to DOC custody before being returned to Pinellas County. He complained that he was only awarded jail credit against the Pinellas County prison sentences from the date he was brought from DOC custody and held in Pinellas County prior to trial.

The State asserted that the Pinellas County warrant was not served until April 2, 2012, the date of Bolduc's return to Pinellas County. It attached to its response a purported printout from the Marion County Jail database. The State claimed that the printout demonstrated that Bolduc was not served with the Pinellas County warrant while housed in the Marion County Jail. The copy of the printout in our record is partially illegible, and there is nothing whatsoever to indicate that it is from the Marion County Jail database. The postconviction court relied on the State's response in denying Bolduc's motion. It did not attach any Pinellas County court files or records to its order of denial.

A defendant is entitled to receive jail credit for an offense after a warrant has been executed while he is being held in jail in another county; he is not entitled to jail credit on the basis of a detainer unless he is subject to release and is being held

solely on the detainer. See Gethers v. State, 838 So. 2d 504, 506-08 (Fla. 2003). If the warrant in this case was executed on October 10, 2011, as Bolduc claims, he is entitled to significant additional jail credit. We note, however, that a rule 3.801 motion is not the proper vehicle to seek an award of prison credit and that this claim is properly raised in a motion filed pursuant to rule 3.800(a). See Curtis v. State, 197 So. 3d 135, 136 (Fla. 2d DCA 2016). On remand, the trial court should treat the prison credit claim as if it had been filed pursuant to rule 3.800(a). Id.

Rule 3.801(e) incorporates rule 3.850(f), which provides that if the postconviction court summarily denies a motion for relief, it must attach copies of court files or records that conclusively refute the claim. See Gibbs v. State, 175 So. 3d 915, 918 (Fla. 2d DCA 2015). The same requirement applies to summary denials of prison credit claims under rule 3.800(a). See, e.g., Agharaumunna v. State, 126 So. 3d 266, 267-68 (Fla. 3d DCA 2010). In the present case, the postconviction court relied on an illegible, unauthenticated, and possibly inapposite computer printout, not court files or records. Therefore, we reverse the order summarily denying Bolduc's motion. If the postconviction court again summarily denies the rule 3.801 motion for jail credit or the rule 3.800(a) motion for prison credit, it shall attach copies of court files or court records that conclusively refute Bolduc's claims. See Ayala v. State, 231 So. 3d 582, 582-83 (Fla. 2d DCA 2017).

Reversed and remanded with instructions.


LUCAS and ROTHSTEIN-YOUAKIM, JJ., Concur.