PER CURIAM.
Deol Narayan (defendant) appeals the trial court’s order summarily denying his motion for jail credit, filed pursuant to Florida Rule of Criminal Procedure 3.801. Because the trial court erroneously denied the motion as being untimely, we reverse.
On January 19, 2010, the defendant pled guilty to two counts of robbery with a firearm. On December 9, 2013, he filed a motion to correct his illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a). On January 28, 2014, the defendant filed a motion for leave of court to amend his pending 3.800(a) motion in order to comply with Florida Rule of Criminal Procedure 3.801. That day, the defendant filed an amended motion for correction of jail credit pursuant to rule 3.801. The trial court denied the amended motion, concluding that it was untimely filed. The trial court cited rule 3.801(b), which has a one-year deadline for filing motions for jail credit.
The effective date of rule 3.801 was July 1, 2013. Because of confusion as to whether defendants whose sentences became final prior to July 1, 2013, were precluded from filing rule 3.801 motions, the rule was later amended to state that, for sentences imposed prior to July 1, 2013, a rule 3.801 motion may be filed on or before July 1, 2014. Rule 3.800(a) was also amended to remove any reference to jail credit. Thus, rule 3.801 is the exclusive post-conviction remedy available for seeking jail credit, and defendants whose sentences became final prior to July 1, 2013, have a grace period of one year to file any jail credit claims. Therefore, as the State properly concedes, the trial court erred in denying the defendant’s motion as untimely.
Accordingly, we reverse the trial court’s order denying the defendant’s rule 3.801 motion. Because said motion must be filed under oath, and because rule 3.801(e) in *740 corporates rule 3.850(f), which requires the court to allow the defendant at least one opportunity to amend a timely but insufficient motion, we remand to the court to give the defendant the opportunity to refile his motion under oath.
REVERSED and REMANDED.
TORPY, C.J., PALMER and BERGER, JJ., concur.