# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1970
Lower Tribunal No. 12-4988
_____

**Victor Garrett,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Michael Hanzman, Judge.

Victor Garrett, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ and LUCK, JJ.

PER CURIAM.

Victor Garrett appeals the trial court's order denying his Florida Rule of Criminal Procedure 3.801 motion to correct his jail credit.[1]  We affirm because on

_____

[1] Although Garrett labeled his motion as a motion to correct illegal sentence

the face of the record Garrett's sentence became final on May 7, 2016, and his June 21, 2017 jail credit motion was untimely. <u>See</u> Fla. R. Crim. P. 3.801(b) ("No motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final."). We also affirm because in his memorandum brief Garrett conceded he filed a previous jail credit motion that was denied on the merits, making this most-recent motion successive. <u>See</u> <u>Id.</u> R. 3.801(d) ("No successive motions for jail credit will be considered.").

Affirmed.

---

pursuant to Rule 3.800(a), the trial court properly treated it as a jail credit motion under Rule 3.801 because it sought to correct a miscalculation in his jail credit after his sentence became final. <u>See</u> <u>In re Amends. to Fla. R. of Crim. P.</u>, 204 So.3d 944, 944–45 (Fla. 2016) (explaining that the 2016 amendments to rules 3.800 and 3.801 "make clear that jail credit matters can be litigated in either a motion filed under rule 3.800(b) while a defendant's direct appeal is pending, or in a motion filed under rule 3.801 after a defendant's sentence has become final").