# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2237
Lower Tribunal No. 84-9397A

_____

**James Allen Bryant,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

James Allen Bryant, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

PER CURIAM.

James Allen Bryant appeals an order on his Florida Rule of Criminal Procedure 3.800(a) postconviction motion seeking both: (i) a correction of jail

credit, and (ii) prison credit for the time Bryant served in prison between his initial conviction and the date of Bryant's second conviction after retrial. While the trial court found that Bryant was entitled both to a correction of jail credit and to prison credit, the court declined to determine the exact number of days he should receive.[1]

First, we reverse that portion of the trial court's order finding that Bryant is entitled to a correction of jail credit. A claim for jail credit must be raised under Florida Rule of Criminal Procedure 3.801. See Curtis v. State, 197 So. 3d 135, 136 (Fla. 2d DCA 2016) ("Rule 3.801 provides for the correction of a sentence that fails to award a defendant credit for time the defendant spent *in jail* prior to sentencing; it does not provide for the correction of prison credit. Instead, a claim for credit for prison time is properly raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a)."). Though the trial court properly treated Bryant's jail credit claim as being raised under rule 3.801,[2] the jail credit claim is

_____

[1] Bryant was sentenced to three consecutive life sentences for one count of burglary with an assault and two counts of first degree murder, both after his first trial and after his retrial. In the order on review, the trial court found that the credits Bryant is to receive "will only count towards one life sentence, the first of the consecutive sentences served by [Bryant.]" See, e.g. Barnishin v. State, 927 So. 2d 68, 71 (Fla. 1st DCA 2006) ("If convicted of multiple offenses, the defendant must be given credit only on the first of consecutive sentences."). Further noting that his life sentences were parole eligible, the trial court referred Bryant to the Florida Parole Commission and the Florida Department of Corrections with any issues regarding parole.

[2] Garrett v. State, 229 So. 3d 416, 416 n.1 (Fla. 3d DCA 2017) ("Although Garrett labeled his motion as a motion to correct illegal sentence pursuant to Rule 3.800(a), the trial court properly treated it as a jail credit motion under Rule 3.801

nevertheless untimely. See Fla. R. Crim. P. 3.801 ("No motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final."); Narayan v. State, 149 So. 3d 739, 739 (Fla. 5th DCA 2014) ("[R]ule 3.801 is the exclusive post-conviction remedy available for seeking jail credit, and defendants whose sentences became final prior to July 1, 2013, have a grace period of one year to file any jail credit claims.").

Second, we affirm that portion of the trial court's order determining that Bryant is entitled to prison credit. The October 22, 1993 sentencing order reflects that the box for prison credit was unchecked. On this appeal, the State properly and commendably concedes that Bryant is entitled to prison credit for the time Bryan served in prison between his initial conviction and the date of Bryant's second conviction after retrial. Our judicial labor on this issue, however, is not done.

"Once the sentencing judge has awarded a defendant prior prison credit, the Department of Corrections has primary responsibility for calculating the credit." Hardenbrook v. State, 953 So. 2d 717, 719 (Fla. 1st DCA 2007). It is, therefore, "permissible for the trial court to delegate to DOC the administrative task of calculating the amount of prison credit which is due" after the court fulfills its responsibility of ordering that prison credit be provided. Thistle v. State, 769 So. because it sought to correct a miscalculation in his jail credit after his sentence became final.").

2d 1149, 1149 (Fla. 5th DCA 2000). Although the trial court in this case determined that Bryant is entitled to prison credit, it does not appear that the trial court ever delegated the responsibility of calculating the amount of prison credit to the Department. For this reason, as suggested by the State, we remand this cause to the lower court with instructions that it direct the Department to calculate the appropriate amount of prison credit pursuant to the order on review.

Affirmed in part; reversed in part; remanded with instructions.