IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

MICHAEL D. SPEAR,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

Case No.  5D19-1747
LT Case Nos. 05-2016-CF-039801-A
05-2016-CF-047845-A

_____/

Opinion filed July 29, 2022

Appeal from the Circuit Court
for Brevard County,
Robin C. Lemonidis, Judge.

Matthew J. Metz, Public Defender,
and Glendon George Gordon, Jr.,
Assistant Public Defender, Daytona
Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

In *Spear v. State*, 47 Fla. L. Weekly S161 (Fla. June 16, 2022), the

Florida Supreme Court quashed this court's decision in *Spear v. State*, 294

So. 3d 995 (Fla. 5th DCA 2020). Our court had affirmed amended judgments and sentences entered by the trial court sua sponte in two cases below that reduced an erroneously excessive amount of jail credit and prison credit that had been awarded to Michael D. Spear at his resentencing. The supreme court determined that since the trial court's corrections occurred after Spear's direct appeal of his judgments and sentences was over, the corrections were untimely under Florida Rule of Criminal Procedure 3.800(b). *Id.* The court remanded the matter for proceedings consistent with its opinion. *Id.*

Accordingly, we withdraw our previously issued mandate. We reverse the trial court's amended judgments and sentences that had corrected the overreporting of Spear's jail credit and prison credit. The case is remanded for the trial court to reinstate its original judgments and sentences imposed following resentencing to show that in circuit court case number 05-2016-CF-039801, Spear has 686 days of credit on each felony count and that in circuit court case number 05-2016-CF-047845, Spear has 932 days of credit on the sole felony count in that case. Spear does not need to be present when the trial court makes these ministerial changes.

REVERSED and REMANDED, with directions.

COHEN and EISNAUGLE, JJ., concur.

2

LAMBERT, C.J., concurs specially with opinion, in which COHEN, J., concurs.

LAMBERT, C.J., concurring specially.

I concur with the majority opinion as it is consistent with the remand requirements from our supreme court.  I write separately to encourage trial courts, in light of the relatively limited time frame discussed in the court's opinion to correct sentencing errors such as those that occurred here, to be especially diligent regarding their jail credit calculations and their sentencing paperwork.

The supreme court emphasized in its opinion that the sentencing errors that occurred in this case were "avoidable."  *Spear*, 47 Fla. L. Weekly at S162.  The overreporting of jail credit and prison credit occurred in the two cases below when, at the conclusion of the resentencing hearing, the deputy clerk erred when adding Spear's accumulated prison credit to his jail credit. *Id.*  This error was avoidable because it was unnecessary for the deputy clerk, on behalf of the trial court, to compute Spear's prison credit in each case.  As the supreme court observed in its opinion, the "standard practice" when calculating prison credit is for the trial court to defer prison credit calculations to the Department of Corrections.  *Id.*; *see also Bryant v. State*, 240 So. 3d 55, 57 (Fla. 3d DCA 2018) (explaining that once the trial court determined that a defendant is entitled to prison credit upon resentencing,

4

the Department of Corrections has the primary responsibility for calculating this credit, and it is permissible for the trial court to confirm the defendant's entitlement to prison credit and to delegate the task of calculating the amount of credit to the Department).

The court also noted that the sentencing documents did not distinguish between jail credit and prison credit; instead, the entire amount of credit was described as "original jail credit." *Spear*, 47 Fla. L. Weekly at S162. Had the jail credit and prison credit been separately designated and the prison credit calculation been left to the Department of Corrections, the error here would have been avoided.

The supreme court also made clear in its opinion that sentences in which jail credit or prison credit is overreported are not to be considered or treated as an illegal sentence, correctable at any time under Florida Rule of Criminal Procedure 3.800(a). *Id.* Instead, the court determined that the error here was a sentencing error and held that while a trial court does have the authority to sua sponte correct such sentencing errors, its authority is "subject to the procedural constraints established by Florida Rule of Criminal Procedure 3.800(b)." *Id.*

Accordingly, because rule 3.800(b) sets forth certain procedures and specific time frames for correction of sentencing errors, the onus is on trial

courts, as well as the parties and their counsel, to be alert at the earliest time to the possibility of such sentencing errors. Having previously presided over felony dockets during my many years as a circuit judge, I realize this may be easier said than done.

For example, in this case, the inadvertent mathematical errors were made and orally announced by the deputy clerk at the resentencing hearing. While this error could arguably have been caught when heard by the trial court or counsel at the hearing, realistically, in busy trial courtrooms, where numerous pleas may be taken during one court session, catching this type of error is difficult. This is especially true in situations, like here, where the written sentencing documents are consistent with the orally announced, albeit inaccurate, jail and prison credit amounts awarded. It is equally unlikely that, under such circumstances, a trial court or prosecutor,[1] post-hearing, will re-check the accuracy of the announced jail credit or prison credit calculations when the written sentencing documents match the oral pronouncement. In fact, the mathematical errors that occurred in Spear's cases only came to light when the trial court received a letter from the Department of Corrections a couple of months after the resentencing

---

[1] I have not included the defendant because a defendant would seemingly be less likely or interested in reporting an error in a sentencing document that inured to his or her benefit.

hearing.

Spear did appeal the sentences imposed at his resentencing hearing. Thus, under rule 3.800(b)(2), the sentencing errors could still have been timely raised during the appeal. They were not; however, in defense of appellate counsel, this was understandable because, as previously mentioned, the oral pronouncement of the credit awarded and the written sentencing documents in each case were consistent with each other. As such, there was nothing on the face of the record that necessarily stood out to have brought this error to the attention of counsel. Furthermore, the trial court's correction of the overreported credit by its entry of amended judgments and sentences did not occur until a few days after the mandate in the direct appeal had issued.

Inadvertent mistakes happen. Nevertheless, they can have significant ramifications. Spear now receives an additional 300 days of prison credit in one of his cases for time that he clearly did not serve prior to resentencing. The net effect of this sentencing error in the one case is not that significant, but only due to the fact that Spear is concurrently serving a much longer, twenty-five year prison sentence in his other case. However, under different circumstances, a sentencing error may be quite impactful.

7

Trial judges have difficult and stressful jobs. To perhaps slightly ameliorate their stress, I suggest that trial judges defer prison credit calculations to the Department of Corrections and that they use sentencing documents that differentiate between awards of jail credit and prison credit. I also recommend that judges consider implementing any additional procedures that may further assist them in confirming the accurate calculation and reporting of jail credit.

COHEN, J., concurs.