# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1816
Lower Tribunal No. CF07-002700-XX

_____

DESMOND MURRAY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Polk County.
Donald G. Jacobsen, Judge.

November 15, 2024

TRAVER, C.J.

Desmond Murray appeals the trial court's denial of his request for jail credit. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A), 9.140(b)(1)(D). Although the trial court employed incorrect reasoning, we still affirm because Murray waited too long to seek relief. *See* Fla. R. Crim. P. 3.801(b) (2013); *Robertson v. State*, 829 So. 2d 901, 906–07 (Fla. 2002) (describing "tipsy coachman" doctrine).

In 2007, law enforcement arrested Murray. The State later charged him with first-degree murder and child abuse. In 2008, Murray entered a no contest plea to manslaughter in exchange for a ten-year prison sentence, followed by five years'

probation. The State agreed to drop the child abuse charge. The trial court adjudicated Murray guilty and entered the agreed-upon sentence, awarding him credit for the time he served in jail between his arrest and sentence. *See* § 921.161(1), Fla. Stat. (2007).

In 2009, Murray sought postconviction relief under Florida Rule of Criminal Procedure 3.850. The Department of Corrections transported him back to jail for a hearing, after which the trial court granted his motion and vacated his sentence. Murray proceeded to trial in 2010, where a jury found him guilty of aggravated manslaughter of a child. The trial court sentenced him to thirty years in prison, orally pronouncing that Murray would receive "credit for time served." Murray's sentencing paperwork credited him for the jail time he accrued between his initial arrest and his first sentence, and the prison time he served between his first sentence's imposition and its vacatur. But the sentencing paperwork did not reference any jail credit that accumulated between that vacatur and the imposition of Murray's second sentence.

In 2022, Murray moved to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). He argued that the trial court should credit him with this time because its written sentence did not match its oral proclamation. Alternatively, he declared he would suffer a manifest injustice if the trial court

denied his motion because he would serve more than the maximum-allowable sentence for a first-degree felony.

The trial court denied Murray's motion in part,[1] reasoning that the sentencing paperwork's reference to prison time encompassed Murray's request. The trial court's reasoning was incorrect because Murray had no prison sentence between the vacatur of his first sentence and the imposition of his second. He therefore did not accumulate any prison credit during this time. *See* § 921.161(1), Fla. Stat. (2007); *see also Kitchen v. State*, 20 So. 3d 975, 976–77 (Fla. 4th DCA 2009) (explaining that trial court is responsible to determine credit for all jail time spent before resentencing and Department of Corrections is responsible to credit for all time spent between resentencing and placement in its custody).

But the trial court reached a sound conclusion because Murray's ability to contest his jail credit had long expired. *See* Fla. R. Crim. P. 3.801. In 2013, the Florida Supreme Court promulgated rule 3.801 as "the culmination of extensive study of Florida's postconviction relief process." *See In re Amends. to Fla. R. Crim. P. & Fla. R. App. P.*, 132 So. 3d 734, 735 (Fla. 2013). The Florida Supreme Court noted that it intended rule 3.801 to "prevent stale claims" by requiring movants to

---

[1] For reasons soon explained, the trial court improperly granted Murray's request for an additional three days' credit for time served that accrued between his arrest and first sentence. But the State did not file a cross appeal, and therefore this matter is not properly before us.

3

seek relief within one year of their final sentence. *Id.* at 737. It provided a "one-year grace period for sentences imposed prior to July 1, 2013." *Id.* It also amended rule 3.800(a)'s bases for relief to exclude a claim that a prisoner's sentence did "not grant proper credit for time served." *See id.* at 737, 745.

Justice Pariente dissented from this enactment, observing that rule 3.801 had a more stringent time limit than rule 3.850. *See id.* at 741 (Pariente, J., concurring in part and dissenting in part). She also expressed concern over the trial courts' lost power to correct even obvious errors after the one-year deadline ran and the apparent elimination of "the 'manifest injustice' exception to litigating an otherwise barred claim." *See id.* at 742.

The Florida Supreme Court has only amended rule 3.801 once. *See In re Amends. to Fla. R. Crim. P.*, 204 So. 3d 944, 944 (Fla. 2016). It clarified that rule 3.801 only applied to final sentences, and prisoners could litigate jail credit issues under rule 3.800(b) while their direct appeals proceeded. *See id.*; *see also Wiley v. State*, 339 So. 3d 1025, 1027 (Fla. 4th DCA 2022) (reversing for additional jail credit following rule 3.800(b) challenge during appellant's direct appeal). It also eliminated reference to the one-year grace period. *See In re Amends. to Fla. R. Crim. P.*, 204 So. 3d at 945.

Murray misrelied on rule 3.800(a) to correct his jail credit because rule 3.801 is his exclusive remedy. *See Narayan v. State*, 149 So. 3d 739, 739 (Fla. 5th DCA

4

2014).  Therefore, any procedural case law on jail credit preceding rule 3.801's enactment is irrelevant.  Although the trial court resentenced Murray before rule 3.801's enactment, Murray did not seek relief during his one-year grace period to file a jail credit claim.  *See* Fla. R. Crim. P. 3.801 (2013); *see also Narayan*, 149 So. 3d at 739.  No manifest injustice resulted from Murray's failure to follow established procedural rules.  *See Beiro v. State*, 289 So. 3d 511, 511–12 (Fla. 3d DCA 2019) ("The mere incantation of the words 'manifest injustice' does not make it so. [Petitioner] has failed to allege any facts—nor can he—to justify invoking the extremely limited concept of manifest injustice to excuse a procedural bar and allow us to review the merits of his instant claim.").  Therefore, the trial court correctly denied his belated request, and we affirm.

AFFIRMED.

WOZNIAK and GANNAM, JJ., concur.


Brett S. Chase, of Chase Law Florida, P.A., Saint Petersburg, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Laura Dempsey and Cerese Crawford Taylor, Assistant Attorneys General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

5